WILLIAM H. TODD

*v.*

MARY A. TODD.

*Filed at Springfield May 14, 1886.*

1. LIMITATION—*sufficiency of proof of adverse possession.* The Statute of Limitations was set up in defence of a bill for partition between two tenants in common, and the only evidence as to the defendant's possession was, that at the time of taking the complainant's deposition, one L., a tenant under defendant, was occupying the premises, and there was a dwelling house, barn, out-houses and fencing on the land; but how long defendant had been in possession, and its character, or whether adverse, did not appear: *Held,* that such evidence failed entirely to establish such an adverse holding as to bar a recovery.

2. SAME—*sufficiency of admission of adverse possession.* A bill for partition of land by one tenant in common against the other, charged that defendant had had the use and received the rents upon the land from 1869 to

1881, both years inclusive, and also for previous years, and had collected a large amount of rent, which was sought to be charged to defendant, with interest: *Held*, that conceding such allegation to be an admission binding on complainant, it fell far short of establishing twenty years' possession of the land, or that the possession was adverse.

3. SAME—*between tenants in common—character of possession.* To make the Statute of Limitations a bar as between tenants in common, it is not sufficient that the one continues to occupy the premises and appropriates to himself the exclusive rents and profits, makes light improvements, and pays the taxes. To constitute a disseizin there must be outward acts of exclusive ownership of an unequivocal character, overt and notorious, and of such nature as by their own import to impart information, and give notice to the co-tenant that an adverse possession and an actual disseizin are asserted.

4. The possession of one co-tenant will not be adverse to the other where there is a mere possession of the premises and an appropriation of the rents, for all this may be consistent with the continued recognition of the rights of the co-tenant. Such possession must amount to a disseizin or ouster of the co-tenant before it will be regarded as adverse.

WRIT OF ERROR to the Circuit Court of Moultrie county; the Hon. C. B. SMITH, Judge, presiding.

Mr. JOHN R. EDEN, and Mr. C. C. CLARK, for the plaintiff in error:

The evidence fails to show when the premises became first occupied by any one. As long as they were vacant the parties having the legal title are deemed in possession for all purposes, in defence or protection of their rights. *Brooks* v. *Bruyn,* 18 Ill. 539.

The possession by one tenant in common is that of all. *Bracken* v. *Cooper,* 80 Ill. 221; *Ball* v. *Palmer,* 81 id. 370.

To constitute the disseizin of a co-tenant, there must be outward acts of exclusive ownership, of an unequivocal character, overt and notorious, and of such a nature as by their own import to impart information, and give notice to the co-tenant that an adverse possession and an actual disseizin are intended to be asserted against him. *Ball* v. *Palmer, supra.*

Possession, to create a bar under the limitation laws, must be adverse. *Winters* v. *Haines,* 84 Ill. 585; *Stevens* v. *Wait,* 112 id. 550; *Bush* v. *Huston,* 75 id. 344.

When possession is relied on for any legal purpose, in the absence of paper title it must be an actual and not a constructive possession. *City of Champaign* v. *McMurray,* 76 Ill. 353.

Messrs. Mouser & Spitler, for the defendant in error, contended that there was sufficient proof of outward acts of exclusive ownership in the answers of complainant to interrogatories sixteen and seventeen of his deposition and the charges in his bill.

As to the limitation between tenants in common, counsel cited and commented upon *Lavalle* v. *Strobel,* 89 Ill. 384; *Doe ex dem.* v. *Prosser,* 1 Cowp. 217; *Goewey* v. *Urig,* 18 Ill. 238.

Counsel also contended that the improvements put upon the premises by defendant, and her payment of all taxes for so long a time, afforded unequivocal evidence and notice of an adverse and exclusive claim.

Mr. Justice Craig delivered the opinion of the Court:

This was a bill brought by William H. Todd, the plaintiff in error, against Mary A. Todd, to partition a certain quarter section of land in Moultrie county. John Todd entered the land in the year 1854, and a patent issued to him on the first day of May of that year. On the 27th day of the following November, Todd died intestate and without issue, leaving as his heirs a widow, Mary A. Todd, a father and mother, one sister and one brother, William H. Todd. Since the death of John Todd, his father, mother and sister have died, leaving the complainant as their sole heir.

From this statement of facts, which seems to be conceded on both sides, it is apparent that the complainant would be entitled to an undivided one-half of the land, subject to the

dower rights therein of Mary A. Todd, unless something has occurred since the death of John Todd to deprive him of the title which descended to him under the statute, or to bar his right of action. In the answer, the defendant, Mary A. Todd, sets up as a defence to the case made in the bill, that since the death of her husband she has, by her agents and tenants, held possession of said tract of land, improved the same, and paid all taxes and assessments thereon, and she invokes the Statute of Limitations as a bar to a recovery.

It is not claimed in the argument that the defendant made out a case under what is known as the Limitation act of 1835 or 1839, but it is contended that the defendant was in the adverse possession of the premises for over twenty years before the filing of the bill, and upon this ground the action was barred. The record before us contains but little evidence bearing upon the question. It will all be found in the answer of the witness W. H. Todd to interrogatories Nos. 16 and 17, as follows:

Sixteenth interrogatory—"State if you know who occupies the land in controversy in this suit, and upon what tenure he holds.

Answer—"The man who lives on the land or rents it is named Nelson Lemmon. He is the tenant by arrangement with William G. Patterson, who claims to be the agent of Mary A. Todd, the defendant in this case.

Seventeenth interrogatory—"State, if you know, what improvements are on the land.

Answer—"A story-and-a-half frame dwelling house, a small barn or stable, and some other out-buildings and fencing."

Giving this testimony all the weight that it is entitled to receive in any court, it merely establishes the fact that the defendant was in the possession of the premises at the time the deposition of the witness was taken, by or through a tenant, and that there is a dwelling house, barn, out-houses and fencing on the land. How long the defendant had been in

the possession of the premises, or whether that possession was adverse to the complainant in the bill, is not disclosed. So far, then, as evidence is concerned, it must be conceded that the defendant failed entirely to establish such an adverse holding as would bar a recovery.

The complainant, in the bill of complaint, made the following allegation : "Orator further charges that said defendant, Mary A. Todd, has had the use and occupation and has collected the rents upon said land from A. D. 1869 to A. D. 1881, both years inclusive, and also for previous years, and has collected a large amount of rent; but the precise amount is unknown to your orator, and has had the use of said money for many years, and orator alleges that she ought to account to orator and said William H. Walker for the rents so collected, and reasonable interest thereon ; and orator says that said parties are entitled to have said land partitioned." And it is insisted that this averment in the bill, in connection with the evidence, *supra*, is sufficient to establish an adverse possession of the premises for twenty years. This allegation, conceding it to be an admission which binds the complainant, falls far short of establishing twenty years' possession of the land, or that the possession was adverse. Possession of the premises from 1869 to 1881, both years inclusive, would not constitute twenty years' possession, nor will the other language used, "for previous years," under any fair construction render the allegation sufficient to meet the object contemplated by the defendant. It may be asked how many years, under the averment, did the defendant occupy the premises prior to 1869 ? If she occupied in 1867 and 1868, that might, under the allegation, constitute previous years, and yet it would not be sufficient. But however this may be, the allegation contains nothing under which it can be held that the possession of the defendant was adverse. The possession of one co-tenant will not be adverse to the other where there is a mere possession of the premises and an appropriation of the

rents. Something more is required. In *Busch* v. *Huston*, 75 Ill. 347, where a similar question arose, it is said: "It is not sufficient that he continues to occupy the premises and appropriates to himself the exclusive rents and profits, makes light repairs and improvements on the lands, and pays the taxes, for all this may be consistent with the continued recognition of the rights of his co-tenants. To constitute a disseizin, there must be outward acts of exclusive ownership of an unequivocal character, overt and notorious, and of such a nature as by their own import, to impart information and give notice to the co-tenants that an adverse possession and an actual disseizin are intended to be asserted." This ruling was affirmed in *Ball* v. *Palmer*, 81 Ill. 370, and it has been followed in subsequent cases which it will not be necessary to cite.

Conceding the fact to be as alleged in the bill, that the defendant, who was a co-tenant with the complainant, went into the possession of the land, occupied the same, and appropriated the rents to her own use, this alone would not render her possession adverse. The law requires something more. Outward acts of exclusive ownership, of a notorious character, were required. The record, however, contains nothing of the kind. It nowhere appears that the defendant, when she went into the possession of the land, asserted, or even claimed, that she was the exclusive owner. For aught that appears, she may have occupied with the knowledge and consent of the complainant.

From what has been said, it follows that the evidence in the record is not sufficient to sustain the decree dismissing the bill, and the decree will have to be reversed, and the cause will be remanded.

*Decree reversed.*