George W. McMahill

v.

Charles Torrence et al.

*Filed at Ottawa November 9, 1896.*

163  277
173  581
163  277
f185  96
163  277
198  ² 74
198  ³ 76

1. Mortgages—*what title passes at foreclosure sale.* A purchaser at foreclosure sale acquires no greater title than had the mortgagor.

2. Adverse possession—*by one tenant in common does not bar co-tenant.* Possession and payment of taxes by a tenant in common, however long continued, will not constitute a bar to his co-tenant.

3. Same—*rights of purchaser at foreclosure sale of interest of tenant in common.* A purchaser, under mortgage foreclosure, of the interest of a tenant in common in land, becomes himself a tenant in common; and his possession and payment of taxes will not, in the absence of actual notice that it is adverse, give title as against the co-tenant, where the record disclosed the extent of the title.

4. Same—*effect of recognition of owner's title by adverse claimant.* An offer by an adverse claimant of land to purchase the interest of the true owner during the statutory period will interrupt the running of the statute, where it recognizes the outstanding title.

Appeal from the Circuit Court of Warren county; the Hon. John J. Glenn, Judge, presiding.

A bill in chancery was filed by appellees, afterwards amended, which prayed for the partition of the south-east quarter of section 30 and ten acres off the east side of the south-west quarter of section 30, both in township 8, range 1, in Warren county. Harvey J. Hewitt was the original owner of this land, and died intestate in the year 1850, leaving his widow, Miriam Hewitt, and as his only heirs six children, two of whom were Miriam H. Hewitt Schreeves and Oscar L. Hewitt. The bill avers that Miriam H. Schreeves had conveyed to her two brothers, Oscar L. and H. H. Hewitt, her interest in the undivided two-thirds of these and other premises left by her father, but retained her interest in the undivided one-third which would represent the land covered by her mother's dower; that afterwards the west half of said

south-east quarter of section 30 and the ten-acre tract were set off as dower to her mother. It represents that the mother died in 1891, after which Mrs. Schreeves conveyed her remaining interest to Charles Torrence and Nathan O. Tate, appellees. The bill avers that O. L. Hewitt has a homestead interest in five-sixths of thirteen acres in the north-west corner of said premises, and that appellant in this case owned the undivided seventeen-eighteenths interest in the balance, and appellees the one-eighteenth acquired from Miriam H. Schreeves, and prays partition and assignment of homestead to O. L. Hewitt.

The answer of appellant, McMahill, denies the ownership of appellees in one hundred and fifteen acres off the east side of the south-east quarter, but does not deny their claim in the other forty-five acres of this quarter section, nor to the ten-acre tract, nor the homestead interest of O. L. Hewitt. It sets up and relies on the Statute of Limitations as to the one hundred and fifteen acres, and the sole contention in the case is as to this particular number of acres.

It is conceded that Harvey J. Hewitt was the common source of title. A few years after his death his daughter Miriam H., by quit-claim deed, conveyed to her two brothers, H. H. and O. L. Hewitt, the undivided two-thirds interest in this and other lands of which her father died seized. She was one of six heirs, and therefore conveyed a two-eighteenths interest, the evident intention being, that as the mother, then living, was entitled to dower, no part of the fee in the dower land should pass. By conveyances from the other heirs Oscar L. acquired their interest, and also received a quit-claim deed from his mother, but on the same day of that conveyance he executed an instrument in writing, under seal, by which he acknowledged an incumbrance on the west half of the one hundred and sixty acres and on the ten-acre tract, which was to be equivalent to her dower in

all, and this writing was filed for record in the recorder's office. In 1883 Oscar L. Hewitt mortgaged one hundred and fifteen acres off the east side of the quarter-section in controversy to Charles Wilson, to secure an advance of $2800. The land was sold by the executor of the Wilson estate under a decree of foreclosure, and a certificate of purchase ripened into a master's deed on September 28, 1886. The purchaser secured possession March 1, 1887, and on April 29, 1887, sold and conveyed it to appellant, McMahill, who went into possession and paid taxes for the years 1887 to 1893, inclusive. Appellees, however, claim this possession was not adverse to that of Miriam H. Schreeves, and, consequently, not to her grantees, the appellees, who received a conveyance from her of all her interest in this land after her mother's death, which occurred in 1891. It is attempted to be shown that during the period of time appellant was in possession and paying taxes, he on several occasions negotiated for the purchase of Mrs. Schreeves' interest, thus recognizing her title. It is also insisted that the title acquired by appellant under the foreclosure proceedings was that of Oscar L. Hewitt, a co-tenant of Mrs. Schreeves, and that the possession of a co-tenant or his grantee, under such circumstances, could not be adverse to that of another co-tenant.

The circuit court, on a hearing, granted a decree in conformity with the prayer of the amended bill, and found that the complainants, appellees here, were entitled to an undivided one-eighteenth of said land, including the one hundred and fifteen acres, and appellant, to seventeen-eighteenths, and decreed partition on that basis. To reverse that decree appellant prosecutes this appeal.

Kirkpatrick & Alexander, for appellant:

An offer on the part of defendant to purchase the property which he is holding adversely from the plaintiff

within the statutory time, is a clear recognition of plaintiff's title, and will interrupt the running of the statute. *Lovell* v. *Frost,* 44 Cal. 474; *Railroad Co.* v. *Mead,* 63 id. 113; *Insurance Co.* v. *Stroup,* id. 150; *Jackson* v. *Britton,* 4 Wend. 507; *Jackson* v. *Guerdon,* 2 Johns. Cas. 353; *Jackson* v. *Croy,* 12 Johns. 427; 1 Am. & Eng. Ency. of Law, 272.

The sale of an entire tract by one of several tenants holding in common, followed by an adverse possession, amounts to an ouster of the co-tenants, and the statute is a bar. *Goewey* v. *Urig,* 18 Ill. 238; *Hinchman* v. *Whetstone,* 23 id. 187; *Parks* v. *Laroche,* 15 Ill. App. 359; *Lavalle* v. *Strobel,* 89 Ill. 384; *Hinkley* v. *Greene,* 52 id. 230; *Burgett* v. *Taliaferro,* 118 id. 504; *Mason* v. *Ayers,* 73 id. 124; *Unger* v. *Mooney,* 63 Cal. 593; *Parker* v. *Propriètors,* 3 Metc. 101; *Winters* v. *Haines,* 84 Ill. 586; 1 Am. & Eng. Ency. of Law, 234.

GRIER & STEWART, and C. A. McLAUGHLIN, for appellees:

Co-owners by descent or purchase are tenants in common. *Cooter* v. *Dearborn,* 115 Ill. 515; *Stevens* v. *Wait,* 112 id. 552; *Sontag* v. *Bigelow,* 142 id. 153.

When the relation of tenants in common exists, the statute will not run until the relation ceases. *Comer* v. *Comer,* 119 Ill. 180; *Stevens* v. *Wait,* 112 id. 552.

To constitute a disseizin there must be outward acts of exclusive ownership of such a nature as to give notice to the co-tenants that an adverse possession and actual disseizin are intended to be asserted against them. *Ball* v. *Palmer,* 81 Ill. 372; *Busch* v. *Huston,* 75 id. 348; *Todd* v. *Todd,* 117 id. 97; *Stevens* v. *Wait,* 112 id. 552; *Sontag* v. *Bigelow,* 142 id. 153.

Appellant did nothing to apprise Miriam H. Schreeves or complainants that he was claiming to be the absolute owner of the entire premises, except to receive the rents and pay the taxes, which is insufficient. *Ball* v. *Palmer,* 81 Ill. 372; *Busch* v. *Huston,* 75 id. 347; *Sontag* v. *Bigelow,* 142 id. 154.

Mr. Justice Phillips delivered the opinion of the court:

The principal question presented and argued by appellant as reason for the reversal of the decree of the circuit court is, that the rights and interests of Miriam H. Schreeves, and, consequently, of her grantees, the appellees, are barred by the seven years statute of limitations. No question is raised as to their interest in fifty-five acres of this land, the sole controversy being over the one hundred and fifteen acres, title of which was acquired by appellant through foreclosure proceedings.

It may be stated as a proposition of law which needs no citation of authority, that a purchaser at a foreclosure sale acquires no greater title than had the mortgagor. Miriam H. Schreeves, by her deed of conveyance to her brother, Oscar L. Hewitt, only conveyed two-thirds of her undivided interest, leaving one-eighteenth still invested in herself. We find nothing in this record to indicate that the possession of Oscar L. Hewitt was in any way adverse to that of his sister, Mrs. Schreeves, who was a tenant in common with him. Possession by him and payment of taxes, however long continued, would not constitute a bar under the statute, as one tenant in common cannot set up the statutory bar against his co-tenant. (*Stevens* v. *Wait*, 112 Ill. 544; *Comer* v. *Comer*, 119 id. 170.) The reason of this rule is, that the possession of one tenant, in contemplation of law, is the possession of the others; and this is especially so where all the parties derive title from the same deed or from the same ancestor. (*Dugan* v. *Follett*, 100 Ill. 581; Angell on Limitations, secs. 422, 423.) The possession of one co-tenant will not be adverse to the other where there is a mere possession of the premises and an appropriation of the rents. Something more is required. (*Todd* v. *Todd*, 117 Ill. 92.) "It is not sufficient that he continues to occupy the premises and appropriates to himself the ex-

clusive rents and profits, makes slight repairs and improvements on the lands and pays the taxes, for all this may be consistent with the continued recognition of the rights of his co-tenants. To constitute a disseizin there must be outward acts of exclusive ownership of an unequivocal character, overt and notorious, and of such a nature as by their own import to impart information and give notice to the co-tenants that an adverse possession and an actual disseizin are intended to be asserted against them." *Busch* v. *Huston*, 75 Ill. 343; *Ball* v. *Palmer*, 81 id. 370.

The title acquired by appellant was limited to the title held by Oscar L. Hewitt at the time he executed the mortgage. After the acquiring of this title appellant sustained the same relation as did Oscar L. Hewitt, viz., that of tenant in common with Miriam H. Schreeves, and entered into possession under such title, and so far as it appears from this record he never gave notice that he was claiming under any other or different title. He did nothing to apprise her that he was claiming to be the absolute owner of these premises, except to receive the rents and profits and pay the taxes. If a party who acquires by deed of purchase the interest of a tenant in common be held to the same rule as his grantor regarding the application of the Statute of Limitations, as we hold he must, then such party cannot acquire any rights against his co-tenant by possession only and payment of taxes, where he has given no actual notice that his possession is adverse. (*Sontag* v. *Bigelow*, 142 Ill. 143.) Appellant then sustained the same relation as co-tenant to Miriam H. Schreeves as did Oscar L. Hewitt, whose title he acquired. In the consideration, then, of the question as to whether or not the Statute of Limitations will be a bar in this case, appellant must be put on the same plane as was Oscar L. Hewitt, whose title he acquired.

To sustain his defense under the plea of the Statute of Limitations, appellant shows, without question, that

he has been in possession of these premises for seven years and paid all taxes thereon, and that he has received the rents and profits. It may be conceded, further, and which the record shows is a fact, that Oscar L. Hewitt, in executing his mortgage on these premises, conveyed, by general conditions of warranty, to Wilson, the entire title, without any indication that his sister, Mrs. Schreeves, had any interest. Appellant also says that in purchasing this land from Williams, who acquired title from the master under foreclosure proceedings, he supposed he was getting complete title of all parties interested. His own testimony, however, shows that he had known the family of Harvey J. Hewitt for over a quarter of a century. He had lived in the neighborhood for more than that length of time, and knew personally all the heirs of this estate. The record disclosed the extent of the title conveyed by Mrs. Schreeves, and he must be bound by that. Moreover there is strong evidence in the record to indicate that appellant, within the period of seven years, had negotiated for the purchase of the interest of Miriam H. Schreeves, thus recognizing her title therein, and which fact would have the effect of interrupting the running of the Statute of Limitations. In 1 American and English Encyclopedia of Law, 272, it is said: "An offer on the part of defendant to purchase the property which he is holding adversely from the plaintiff within the statutory time is a clear recognition of plaintiff's title, and will interrupt the running of the statute." The same rule is reiterated in *Central Pacific Railroad Co.* v. *Meade*, 63 Cal. 112, where there was evidence tending to show an offer on the part of the defendant to purchase the property from the plaintiff within the statutory period, and the court in the opinion says: "Such an offer, if made, was a clear recognition of plaintiff's title, and a perfect answer to the defendant's claim of adverse possession." To the same effect, also, is Tyler on Ejectment, 921, the text of which is: "An offer to purchase

land by a party of another is such a recognition of the title of the latter as will bar the defense of adverse possession. * * * And generally it may be affirmed that one who, while in possession of land, recognizes the title of another and offers to purchase from him, cannot set up his own possession as adverse." In *Lovell* v. *Frost,* 44 Cal. 471, it is said: "The offer to purchase or rent the property, and not merely to purchase an outstanding or adverse claim or title to quiet his possession or protect himself from litigation, amounts to a clear and unequivocal recognition of the defendant's title."

Where a party is in possession under color of title in good faith, exercising such outward acts of exclusive ownership, overt and notorious, and which are of such a character as by their own import to impart information and give notice to the world that his possession is adverse to all, then he may negotiate for an outstanding title and thus protect his rights. He may prefer to buy his peace by purchasing such outstanding title without admitting such title or claim to be valid. (*Warren* v. *Bowdran,* 156 Mass. 280; *Northrop* v. *Wright,* 7 Hill, 476.) This rule, however, is not applicable to the case at bar for the reasons heretofore stated, which show appellant's knowledge and recognition of this outstanding title, and the fact that his possession was not of such a character as to invoke the bar of the statute against his co-tenant and her grantees.

There was clearly no error in the decree of the circuit court, which refused to recognize this defense as a bar and which decreed to appellees a one-eighteenth interest in this land. That decree is therefore affirmed.

*Decree affirmed.*