SARA R. FOOTE, Defendant in Error, *vs.* NORA MARGGRAF, Plaintiff in Error.

*Opinion filed February 20, 1908.*

1. APPEALS AND ERRORS—*rule where Appellate Court erroneously takes jurisdiction of case involving a freehold.* Where the Appellate Court has erroneously assumed jurisdiction of a case involving a freehold, the Supreme Court, upon further appeal, will not consider the merits of the case but will reverse the judgment and remand the cause to the Appellate Court with directions to transfer the cause, as required by the statute.

2. SAME—*when a freehold is involved.* A foreclosure bill seeking to establish in favor of one portion of a flat-building upon a single lot an easement of heat from a plant located in another portion of the building, and to subject such easement to sale under the mortgage, involves a freehold.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

HERMAN W. STILLMAN, for plaintiff in error.

HENRY W. LEMAN, and FRANK H. CULVER, for defendant in error.

Per CURIAM: A bill was filed in the superior court of Cook county for the foreclosure of a trust deed on the south half of a certain lot on Kimbark avenue, in the city of Chicago. From a decree of foreclosure the complainant appealed to the Appellate Court for the First District. The Branch Appellate Court reversed the decree and remanded the cause for further proceedings consistent with the views expressed in the opinion of the court. In the view so expressed the trust deed "was a lien upon the easement of passage and heat in the north half of the lot in question and complainant was entitled to a decree covering such right or easement, and declaring the right or easement in favor of the respective owners of the different parts of the property

and building." Nora Marggraf, the owner of the north half of the lot, has sued out a writ of error to review the judgment of the Branch Appellate Court.

A motion was made in the Appellate Court by the plaintiff in error, who was the appellee in that court, to dismiss the appeal on the ground that a freehold was involved. The action of the Appellate Court in overruling this motion is assigned for error. The bill alleged that the whole of said lot was covered by a three-story flat-building, and stated facts which it was claimed created an easement in favor of the south half of the lot to be furnished heat for the portion of the building situated on the south half of the lot, from the heating plant situated on the north half of the lot. Nora Marggraf, the owner of the north half of the lot, was made a party defendant to the bill for the purpose of subjecting this alleged easement in her portion of the lot to sale under the mortgage, and the bill prayed that the complainant might be decreed to have an easement upon the north half of the lot for the furnishing of heat for that part of the building on the south half of the lot, upon paying her proper proportion of the expense thereof. The substantial question in the case is the existence of this alleged easement. Such an easement is a freehold, and the motion to dismiss the appeal should therefore have been sustained.

This court does not, by writ of error to or appeal from the Appellate Court, acquire jurisdiction to consider the merits of a cause of which that court had not jurisdiction. In such case, if that court has assumed jurisdiction we can only reverse its judgment and remand the cause, with directions to make the order required by the statute. The statute has directed the method in which cases shall be brought into this court from the Appellate and trial courts, and that method must be observed.

The judgment of the Appellate Court will be reversed and the cause remanded, with directions to order the appeal transferred to this court.

*Reversed and remanded, with directions.*