(No. 28251.—

CHARLES L. MAKEMSON, Trustee, Appellant, *vs.* THE WHEATON TRUST AND SAVINGS BANK, Trustee, *et al.,* Appellees.

*Opinion filed September 19, 1945—Rehearing denied Nov. 15, 1945.*

· CHARLES L. MAKEMSON, of Downers Grove, *pro se.*

HOOPER & BUNGE, (GORDON C. BUNGE, of counsel,) both of Downers Grove, for appellees.

Mr. JUSTICE SMITH delivered the opinion of the court:

By this appeal, plaintiff, Charles L. Makemson, as trustee, seeks to obtain reversal of a decree of the circuit court of Du Page county, entered pursuant to a master's recommendation, dismissing his complaint, as amended, for the want of equity. Plaintiff sought to establish an easement, by implication of law, in portions of a private alley and driveway, located directly south of plaintiff's property, upon real estate owned by defendant The Wheaton Trust and Savings Bank, as trustee under Trust No. 213. Defendant Herbert J. Hawkins is sole beneficiary under the last-named trust. The decree was based solely upon the ground that, having previously instituted foreclosure proceedings culminating in a master's deed by which he acquired title to the premises, and, having failed in prior litigation to claim the easement, plaintiff and those whom he represents as trustee are now precluded from asserting a claim to the easement.

In 1905, defendant Herbert J. Hawkins became owner of the two adjoining parcels of real estate located on the east side of Main street in Downers Grove. Parcel No. 1,

lying toward the north, is improved with five separate buildings, designated as A, B, C, D and E, on a plat introduced in evidence as exhibit H. A, situated toward the north, and B, on the south of parcel 1, are two- and one-story buildings, respectively, of brick construction. C, D and E are small single-story buildings, located on the rear of the premises, directly east and southeast of building B. Parcel 2 is improved with a frame residence building, a frame barn and some small frame outbuildings. A twelve-foot private alley, located partly on parcel 1 and partly on parcel 2, extends from Main street in an easterly direction along the south walls of buildings B and E to the entrance of building C. Connecting with this private alley, at its terminus at building C, is another driveway on parcel 2, extending in an easterly direction along the south walls of buildings C and D to a barn on parcel 2. Buildings C and D extend over the northern boundary of parcel 2, the southern ends of both buildings being located on the driveway.

June 22, 1926, Hawkins executed to defendant J. W. Hughes, as successor trustee, a trust deed, securing a principal indebtedness of $7000, conveying the real estate comprising parcel 2. Defendants Louise Timke and Hazel Easton are the owners of this trust deed and notes which it secures. April 16, 1927, Hawkins likewise conveyed to Samuel Curtiss, as trustee, to secure a principal indebtedness of $12,000, the property comprising parcel 1. February 3, 1937, Hawkins conveyed the legal title of both parcels of real estate to defendant The Wheaton Trust and Savings Bank, as trustee under Trust No. 213.

September 15, 1937, a complaint in foreclosure was filed in the circuit court of Du Page county on behalf of the various noteholders secured by the trust deed conveying the property included within the description of parcel 1. August 11, 1938, a decree of foreclosure was entered.

December 18, 1939, a master's deed was issued and later recorded, conveying to Makemson, as trustee, the real estate comprising parcel 1.

During February, 1940, Hawkins caused a fence and gate to be erected on his own property across the entrance leading to, and obstructing access to, the private alley in controversy, and demanded compensation for use of the portion located on parcel 2. Hawkins then entered into an arrangement with Sears, Roebuck & Company, the tenant of buildings A and B, for use of the alley and driveway. This arrangement, under which Hawkins receives $75 per month, was still in effect when the present action was commenced.

August 21, 1940, plaintiff filed the present complaint, claiming an easement, by implication of law, for the use of the portions of the private alley and driveway located upon the premises described as parcel 2. Among other things, it is alleged that at the time of, and for a long time prior to, execution of the trust deeds secured by parcels 1 and 2, the private alley was used by Hawkins, his lessees, licensees and persons using the premises described as parcel 1, as a means of ingress and egress to and from the rear entrances, coal room, oil line and heating plant of buildings A and B, to and from the upper floor of building A and to and from buildings C, D and E, and that this use continued openly, apparently and continuously until plaintiff acquired title; that this alley is the only means of access to the rear entrances of plaintiff's buildings; that the alley affords the only usable and convenient access to the rear entrances of all five buildings; that, without the alley, plaintiff would be unable to devote these buildings to the purposes for which they were constructed, used and maintained by Hawkins, and that plaintiff would be irreparably damaged if not accorded such use. Additional allegations are that it is necessary to their maintenance, use and beneficial enjoyment that the walls and roofs of buildings C and D

be maintained as appurtenances to the portions lying within the boundary of parcel 1; that the property identified as parcel 1 was conveyed by Hawkins to the trustee named in the trust deed under which plaintiff acquired title "together with all the tenements, hereditaments and appurtenances thereto belonging," and that the master's deed conveying the premises to plaintiff contained the language "with all appurtenances thereunto belonging." A perpetual injunction was sought to restrain defendants from obstructing the entrance to the alley and driveway.

The gist of defendants' joint answer is that the only use, by others than Hawkins, of the driveway and the portion of the alley on parcel 2, was by specific permission granted for a consideration. Although admitting the location of buildings C and D, defendants deny the necessity of maintaining the buildings in their present condition, and aver that the portions of these buildings situated on parcel 2 constitute an encroachment on their property, and should be removed. They admit the allegation of the complaint that plaintiff acquired title to the real estate comprising parcel 1, "together with all the tenements and appurtenances thereunto belonging," but reply that no easement appurtenant to parcel 1 was ever alleged or claimed in the foreclosure proceeding upon which the master's deed to plaintiff was based. They further aver that, had an easement existed, plaintiff's right thereto, and its nature and extent, should have been adjudicated in the foreclosure proceeding and incorporated in the decree and the master's deed, and that plaintiff is now barred from asserting a claim to an easement in the present action. A hearing before a master resulted in findings, among others, that no claim was made by the plaintiffs in the prior foreclosure proceeding of any right of easement upon any part of parcel 2, owned by Hawkins; that the foreclosure decree then entered contains no finding that plaintiff in the present action has any easement or right in the property iden-

tified as parcel 2; that it was the duty of the owners of the notes foreclosed to urge, in the foreclosure case, the rights of any easement claimed by them, and, having failed so to do, that they, the noteholders, have waived any claim thereto, the decree in the foreclosure action being an absolute bar to the present action. Although outlining the issues involved in the present action, the master stated that, in view of his finding that plaintiff was barred from pursuing this action, he did not deem it necessary to make any recommendations with respect to the interest or right of defendants Louise Timke and Hazel Easton as owners of notes secured by the trust deed conveying real estate described as parcel No. 2. The master found the equities to be with defendants, and recommended dismissal of the complaint for want of equity. Objections by both plaintiff and defendants to the master's report were allowed to stand as exceptions. The chancellor overruled plaintiff's exceptions, and entered a decree approving all the master's findings and dismissing the complaint for the want of equity at plaintiff's costs. A freehold being necessarily involved, plaintiff prosecutes a direct appeal. *Liberty Nat. Bank* v. *Lux,* 378 Ill. 329.

Appellant claims an easement in the alley as an appurtenance to the property conveyed to him by the master's deed, under the decree entered in the suit to foreclose the mortgage on parcel 1. The owners and holders of the indebtedness secured by the mortgage foreclosed were plaintiffs in the foreclosure suit. The appellant in this case was the attorney for the plaintiffs in that case. He purchased the property at the foreclosure sale as trustee for said plaintiffs. He prepared the complaint and the decree. He now holds title to parcel No. 1 as trustee for the use and benefit of the individuals who were the owners of the indebtedness secured by the mortgage. They are the beneficial owners under the master's deed. The result and the effect are the same as if the mortgagees themselves had

purchased the property at the foreclosure sale. It is now claimed that, under the foreclosure sale and the master's deed, the grantee purchased and acquired not only the property described as parcel 1 but also an easement in the alley as appurtenant to said parcel. Unless he can sustain his claim under the master's deed, he cannot succeed in this suit. The decisive question is, therefore, whether the purchaser at the foreclosure sale acquired an easement in the alley as appurtenant to the property described.

As we view the case, this makes it wholly unnecessary to consider the question of former adjudication or whether, upon the severance of the title to parcels 1 and 2, an easement in the alley attached to parcel 1 by operation of law. Regardless of those questions, unless the purchaser at the foreclosure sale acquired an easement in the alley as appurtenant to parcel No. 1, he cannot now claim such easement. He has no other source of title.

By paragraph 17 of the complaint in the foreclosure suit, prepared by the appellant in this case, as attorney for the owners of the mortgage foreclosed, it was alleged: "That the premises described in the said trust deed are improved with a two story brick store and apartment building 27 x 72 feet and a one story store annex 19 x 43 feet. There are four small apartments or rooms. Access to the apartments is had over the stairway of the adjoining premises and no means of access exists over the mortgage premises. The buildings are constructed with rear entrances necessary to their practical use and occupation and have attached to the rear a small stone garage or storehouse which is partly on the mortgage premises and partly on the premises belonging to the mortgagor. That an alley extends along the south side of the said buildings to the rear entrances and that the alley is not a part of the mortgage premises although the same belongs to the mortgagor. That there is no access to the rear of the mortgage premises except over the alley belonging to the mortgagor. That

the lack of title under the mortgage to any means of access to the apartments and to the rear of the said premises constitutes a virtual defect in the title of the mortgage premises materially affecting the use and valuation thereof."

By the decree, the court found from the evidence that the allegations contained in the complaint were true, as therein stated. The decree, in default of payment of the mortgage indebtedness within five days, ordered that "said mortgaged premises in the complaint described and in the said trust deed, as aforesaid," be sold. The master's deed conveyed to appellant parcel No. 1, by description, "with all the appurtenances thereunto belonging."

It is elementary that the decree in a forclosure suit must be limited to the property described in the complaint. (*Troutman* v. *Schaeffer,* 31 Ill. 82.) The mortgaged premises were described in the complaint as parcel 1, exclusive of any easement in or right to use the alley as an appurtenance thereto. The decree for sale was specifically limited to the property described in the complaint. It is also an elementary proposition of law that, by a decree of foreclosure and the master's deed issued thereunder, the legal and equitable titles of the mortgagor and the mortgagee are merged. They operate as a satisfaction of the mortgage lien. (*Robins* v. *Swain,* 68 Ill. 197.) One of the necessary and indispensable issues to be determined by the court in a foreclosure suit is the extent of the mortgage lien. (*Foote* v. *Yarlott,* 238 Ill. 54.) It is equally well settled that a master's deed under a foreclosure decree conveys only the interest of the mortgagor in the property covered by the mortgage which is described in the complaint. (*Wyman* v. *Hageman,* 318 Ill. 64.) The grantee in such deed acquires no other or greater title. *McMahill* v. *Torrence,* 163 Ill. 277.

It follows that the averment in the complaint in the foreclosure suit as to the extent of the lien of the mortgage, and the property and appurtenances covered thereby,

was binding upon the plaintiffs in that case, as purchasers at the foreclosure sale. The decree, based upon that averment which was proved by the evidence before the court, limited the property sold to parcel No. 1, free from any easement or rights in or to the alley as appurtenant thereto.

It is obvious that the averment disclaiming any easement or right to the use of the alley in question, as an appurtenance to the mortgaged premises, was inserted for the purpose of depreciating the market value of the mortgaged premises and to render the sale price less than the amount of the debt, in order that the mortgagees would have the right to receive the rentals during the period of redemption. The amount of the indebtedness found due by the decree was $16,175.38, plus the costs in the case. The property was purchased at the sale by appellant, for the use and benefit of the mortgagees in the foreclosure suit, for $15,000. By the decree, they obtained a deficiency judgment against the mortgagor for the unpaid balance of the debt, interest, and costs.

This places appellant and the plaintiffs in the foreclosure suit, for whom he holds the property, in the position of having disclaimed in the foreclosure suit any easement or right to use the alley as an appurtenance to the mortgaged premises. This disclaimer was made for the purpose of affecting the sale price and deterring prospective bidders from bidding at the sale, and also for the purpose of creating a deficiency in order that the mortgagees would be entitled to a deficiency judgment and the rentals during the redemption period. They offered evidence upon which the court found that this allegation was true. Having accomplished these purposes, they now seek a decree holding that an easement in, and the right to use, the alley was, in fact, an appurtenance to the property which they purchased at the foreclosure sale at a reduced price, under a decree which they sought and obtained specifically finding that it was not.

By disclaiming, in their complaint, any rights in the alley as appurtenant to the mortgaged property, and by offering evidence in support of the allegation of disclaimer, they induced the court to find in the decree that the averment in the complaint was true and that the mortgagees, under the mortgage, had no easement in or right to the use of the alley, as appurtenant to the mortgaged premises. They thereby limited the court in the entry of the decree to ordering a sale of parcel No. 1 free of any claim that the alley was an appurtenance to said property. They thereby obtained the benefit of that averment and the finding of the court. The property was bid in by them at less than the mortgage debt and costs, which entitled them to the rents during the redemption period. They now seek to obtain a decree, in this independent and subsequent suit, holding that an easement in and the right to the use of the alley was included in the lien of the mortgage as an appurtenance to the mortgaged premises which they purchased at the foreclosure sale.

As already observed, the purchaser at a foreclosure sale takes only the title to the property and the appurtenances thereto covered by the mortgage lien, and which is ordered sold by the decree. The mortgage is merged in the decree. Appellant's only rights in the property are based upon the decree and the master's deed executed under the decree. The purchaser at the master's sale, therefore, by the express terms of the decree, did not acquire any easement in or right to the use of the alley as an appurtenance to the property sold.

Without regard to the question of former adjudication or the doctrine of equitable estoppel, but upon the fundamental ground that appellant, as purchaser at the foreclosure sale, acquired no easement in, or right to the use of the alley, as an appurtenance to the property sold, the court below correctly dismissed the complaint for want of equity. The decree under which appellant purchased ex-

pressly excluded, from the property sold, any easement in or right to use the alley as an appurtenance thereto. The mortgage foreclosed is the instrument relied upon as the severance of title under which it is claimed an easement was conveyed by implication of law. By the description, in the complaint in the foreclosure suit, of the property conveyed by the mortgage, the mortgagees placed it beyond the power of the court to decree the sale, transfer or conveyance of an easement in or the right to use the alley as appurtenant to the property to which the mortgage lien extended.

Complaint is also made with respect to the allowance of master's fees. Specifically challenged is an item of $141 for a court reporter's fees. The reporter, in an affidavit attached to the master's report, explains the charge by stating that the transcript consisted of 226 pages; that the rate actually charged for transcribing is fifty cents per page, and that the time spent in attendance at the hearings was fourteen hours, charged for at the rate of two dollars per hour. The amount representing compensation of the reporter for attendance at the hearings is wholly unauthorized by law and the charge for the transcript is in excess of the statutory allowance. He may not charge in excess of fifteen cents per one hundred words for making transcripts, and, under section 20 of the Fees and Salaries Act, (Ill. Rev. Stat. 1943, chap. 53, par. 38,) the master is authorized to include, as part of his fees, an allowance not to exceed fifteen cents per one hundred words for stenographers' services, in cases where such services are certified to be necessary. The decree will be modified to include only those charges for stenographic service specifically authorized by statute.

Also assailed, as being excessive, is an item of $345, representing time spent by the master in examining pleadings, hearing testimony, examining briefs and authorities, and the preparation of his report. The Fees and Salaries

Act provides, among other things, that masters may receive for examining questions in issue referred to them and reporting conclusions thereon, such compensation as the court may deem just. (Ill. Rev. Stat. 1943, chap. 53, par. 38.) The chancellor has approved the fees of the master for the services specified, and we cannot say that in so doing he abused his discretion. The amount of time consumed by the master is further claimed to be excessive, the contention being that if he deemed the matter of prior adjudication to be properly before him upon the reference, consideration of the cause on the merits was thus excluded, and that, consequently, the report and hearing should have been directed to this issue, alone. This contention is untenable. The cause, upon motion of plaintiff, was referred to the master, with directions to take testimony and to file his report covering such testimony "together with his conclusions thereon of fact and law." It was within the sound discretion of the master, after hearing the testimony, to arrive at a conclusion, as. he apparently did, that the plea of *res judicata* was the determining question involved. Under the circumstances, it cannot be said that he should be deprived of his proper fees for the time spent in hearing evidence as directed by the order of reference.

The decree of the circuit court of Du Page county will be modified by striking therefrom the provision taxing the total master's fees at $547.60, and by inserting therein, under the heading, "Fees to be fixed by the court," the sum of $33.90, instead of $141, for services of stenographer, thus reducing the total amount of the master's fees to $440.50. In all other respects, the decree is affirmed.

*Decree modified and affirmed.*