. David McComb, Appellant, *vs.* Esther McComb, Appellee.

*Opinion filed February 19, 1909.*

1. Appeals and errors—*when appeal from divorce decree lies to the Supreme Court.* A decree dismissing a bill for divorce and granting a divorce on the cross-bill, and finding the title to certain land to be in the cross-complainant instead of being held in trust for the original complainant, as alleged in the bill, but decreeing a conveyance by the cross-complainant as to other land, involves a freehold, and an appeal lies to the Supreme Court.

2. Same—*when cause will be remanded to the Appellate Court with directions to transfer appeal.* Where the Appellate Court has entertained an appeal in a divorce proceeding and has decided questions of title to land which it had no jurisdiction to determine, the Supreme Court, on further appeal, will reverse the judgment and remand the cause to the Appellate Court, with directions to transfer the appeal to the Supreme Court.

Appeal from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. W. M. McEwen, Judge, presiding.

James B. Devitt, and Robert W. Dunn, for appellant.

Francis E. Croarkin, for appellee.

Mr. Justice Carter delivered the opinion of the court:

On November 10, 1906, appellant filed a bill for divorce against appellee in the superior court of Cook county charging desertion, and asking for a conveyance to him of cer-

tain property in Cook county which the bill alleged he had conveyed to her in trust. The appellee's answer denied the charges of desertion and that the property had been conveyed to her in trust but averred that it had been conveyed to her absolutely. She also filed a cross-bill, alleging cruelty and desertion, which the answer of appellant denied. The pleadings having been settled and the case heard, the original bill of appellant was dismissed and a decree of divorce granted appellee on the charge of desertion, as alleged in the cross-bill, and further finding the title to a vacant lot in Austin to be in appellee, and directing that a vacant lot in Rogers Park, the title to which now stands in the name of appellee, be conveyed by her to appellant. From this decree appellee appealed to the Appellate Court, where the decree of the superior court was affirmed as to its finding that the charge of desertion in appellee's cross-bill was sustained, but reversed as to the portion directing the reconveyance of the lot in Rogers Park to appellant. From this judgment of the Appellate Court appellant has prayed an appeal to this court.

Manifestly, a freehold is directly involved in this proceeding, one party gaining and the other party losing such freehold. This being so, the appeal should have been brought directly to this court instead of to the Appellate Court. (*Champion* v. *Myers,* 207 Ill. 308; *Robbins* v. *Robbins,* 101 id. 416.) The Appellate Court was without jurisdiction to hear this case, and under the present statute should have transferred the cause to this court. *Foote* v. *Marggraf,* 233 Ill. 48.

The judgment of the Appellate Court will be reversed and the cause remanded to that court, with directions to order the appeal transferred to this court.

*Reversed and remanded, with directions.*