(No. 16074.—Affirmed in part and reversed in part.)
WILLIAM H. LEWIS, Appellee, *vs.* ANNA L. LEWIS, Appellant.

*Opinion filed April 24, 1925.*

1. DIVORCE—*when freehold is involved.* A freehold is involved in a decree of divorce where it provides, in settling property rights, that one of the parties convey to the other all her interest in property held by them in joint tenancy.

2. SAME—*when decree for divorce will be affirmed.* A decree for divorce, after a hearing before the chancellor, on a bill and cross-bill, each charging cruelty, will be affirmed where the evidence for the complainant is sufficient, if believed, to justify the chancellor in granting the divorce and where the finding is not manifestly against the weight of the evidence.

3. SAME—*division of real property must be prayed for in bill— stipulation.* Under section 17 of the Divorce act, the court, on proper allegations, may compel a conveyance, upon equitable terms, of property held by one party belonging to the other, but where no such relief is prayed in a bill for divorce filed by a husband and ·no allegations in regard to property are made in the bill, a stipulation entered into during the trial in regard to the circumstances of ownership of real property of which the wife, in a cross-bill, prays to be decreed the owner, will not support a decree for a conveyance of the wife's interest to the husband.

4. PLEADING—*decree must be based on allegations in bill.* Relief in equity can be granted only in accordance with the allegations of the bill, sustained by proof, and a decree cannot be rendered upon facts shown by the evidence which would warrant relief unless those facts are alleged in the bill.

APPEAL from the Superior Court of Cook county; the Hon. TIMOTHY D. HURLEY, Judge, presiding.

ARTHUR L. BALLAS, and ALBERT B. GEORGE, for appellant.

ELLIS & WESTBROOKS, (HARRIS B. GAINES, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This was an appeal by Anna L. Lewis from a decree of divorce rendered by the superior court of Cook county, brought directly to this court because a freehold is involved by reason of the requirement in the decree that the appellant convey to William H. Lewis, her husband, all her interest in some real estate situated at No. 6206 South Ada street, in the city of Chicago. *McComb* v. *McComb,* 238 Ill. 555.

The parties were married on November 29, 1918. The appellee was a widower, fifty-three years old, having three children by a former marriage, two of whom were living with and supported by him,—a son who was fifteen years old and a girl several years younger. The charge in the bill was extreme and repeated cruelty. The defendant filed an answer denying this charge and a cross-bill charging the appellee with extreme and repeated cruelty on the same dates as the acts of cruelty were charged against her in the original bill. The parties both testified, and their accounts of those occurrences, as well as of the general conduct of the parties, are contradictory, the appellant testifying that the appellee was to blame for the acts complained of by both and that he was the one who was guilty of extreme and repeated cruelty, and the appellee testifying that the appellant was to blame and was guilty of cruelty. The appellee was corroborated to some extent by the testimony of his son and the statement of his daughter made to a neighbor, who testified to it without objection, and the appellant was also corroborated somewhat by the testimony of her sister as to seeing marks and bruises about the appellant's

eye after one of the occurrences testified to, when the appellant told her sister that the appellee had hit her.

The case was tried by the chancellor without a jury. The evidence in behalf of the appellee was sufficient, if believed, to justify the chancellor in granting the divorce. The witnesses were all examined in open court, the finding was not manifestly against the weight of the evidence, and the decree of divorce will therefore be affirmed.

The original bill filed by the appellee made no reference to property and asked no relief other than a divorce. The cross-bill filed by the appellant alleged that she was the owner, in joint tenancy with the appellee, of a lot in a certain subdivision, which was also known as No. 6206 South Ada street, and which was improved with a two-story frame building containing two flats, over which the appellee was then exercising complete control and was refusing to permit the appellant to have any voice in the management of the property and was appropriating all the rent to his own use; that he was a coal dealer doing a profitable business and owned a large amount of capital stock in Weber's Department Store as well as stock in the Englewood Co-Operative Grocery Store, and had other financial interests, all producing an income of upward of $75 a week. The cross-bill, besides praying for divorce, also asked that appellant be decreed to be the owner of the real estate, or her equitable portion thereof, and for an accounting of the rents.

The evidence showed that the appellee entered into a contract to purchase the premises on March 15, 1917, before the marriage, and made all the payments on the purchase price out of his own earnings and from the rent of the premises, which were subject to a mortgage for $750; that on February 17, 1919, he caused a deed to be made conveying the premises to him and his wife in joint tenancy. The appellee testified that about three months after the marriage the appellant said to him: "I am working here in your house for you and your children, what are

316—29

you going to give me, and what interest am I going to have in this property. I am not going to work for these children and when you die they get as much as I do;" that he answered: "If you will keep my house and look after my children and be a mother to them, I will give you half interest in this property, and if I should be the first to die, you and the children will share equally. They will have my half and you will have yours." The deed was afterward made, and the appellant did not contradict the testimony of the appellee. The appellee's bill contained no allegations in regard to property and the prayer merely asked for a divorce and general relief. Under section 17 of the Divorce act the court may compel a conveyance of property held by one party belonging to the other upon such terms as it shall deem equitable, but such relief can be obtained only by proper allegations in the bill. (*Meyer* v. *Meyer,* 255 Ill. 436.) Relief can be granted only in accordance with the allegations of the bill, sustained by proof. A decree cannot be rendered upon facts shown by the evidence which would warrant relief, unless those facts are alleged in the bill. *Higgins* v. *Higgins,* 219 Ill. 146.

The appellee contends that a stipulation was entered into during the hearing which authorized the court to consider and determine the equities of the parties in the property without reference to the allegations of the bill. The stipulation was oral and was stated by the court in this language: "Let the record show that the parties stipulate that the property at 6206 South Ada street, Chicago, Illinois, was purchased by the complainant out of his own funds and that all payments on the property were made by the complainant up to the time of the marriage, and a deed in joint tenancy was given in the name of the complainant and the defendant February 17, 1919, and that the only questions to be decided is whether the defendant has contributed anything toward the payments made on the said property and the respective rights and equities of the parties in the prop-

erty." This stipulation, it appears from the conversation between court and counsel, was made during the progress of the hearing to save time. It had no effect to change the issues. It merely stated that certain of the facts which were required to be proved under the issue on the cross-bill were admitted, and that the only question for decision was whether the defendant had contributed anything toward the payments made on the property and the respective rights and equities of the parties in the property. This limited the evidence to the question of the defendant's contribution toward the payment for the property and left the respective rights and equities of the parties in the property to be determined with reference to that payment, and the other facts stipulated by it did not change the issue. The issue arose on the cross-bill as to whether the appellant was entitled to a conveyance of the whole of the property or some part of it, and it was not the effect of the stipulation to discard the pleadings of the parties and submit to the court the right of the appellee to have a conveyance of the property, for which his bill did not ask. The phrase in the stipulation, "the respective rights and equities of the parties in the property," referred to the respective rights and equities of the parties in the property under the issues in the case.

The decree is without support in the allegations of the bill and was therefore erroneous. It will be reversed so far as it adjudges that the complainant be given all the right, interest and title to the real estate described in the decree and orders the defendant to execute a quit-claim deed to the complainant conveying all her right, interest and title in the premises, and in all other respects it will be affirmed.

*Affirmed in part and reversed in part.*