(No. 17247.—Reversed and remanded.)
Saralta Schmidt, Plaintiff in Error, *vs.* John F. Barr *et al.* Defendants in Error.

*Opinion filed December 21, 1927—Rehearing denied Feb. 9, 1928.*

Appeals and errors—*Supreme Court cannot consider writ of error to Appellate Court where freehold is involved.* The Appellate Court has no jurisdiction of an appeal to review a decree for specific performance where a freehold is involved and any order entered by it on the merits is *coram non judice,* and as the Appellate Court has no jurisdiction the Supreme Court cannot, by writ of error to the Appellate Court, acquire jurisdiction to consider the case on the merits but the cause must be reversed and remanded to the Appellate Court, with directions to order the appeal transferred.

Writ of Error to the Third Division of the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. Ira Ryner, Judge, presiding.

Laramie & Sherwin, for plaintiff in error.

Kelly & Murphy, (John E. Kelly, of counsel,) for defendants in error.

Mr. COMMISSIONER CROW reported this opinion:

This case comes to this court on writ of error to the Appellate Court for the First District. A decree for specific performance was rendered in favor of complainant, plaintiff in error here, in the circuit court of Cook county, against John F. Barr and Malcolm E. Barr. In her bill she alleged that John F. Barr entered into a contract with her to sell and convey to her certain described real estate. She made payments under the terms of a written agreement that a deed would be made to her when certain conditions therein specified were complied with. Those conditions were complied with and she demanded a deed to the property, which was refused. The relief sought by the bill was that Barr be compelled to make a deed in compliance with the terms of the contract. She also prayed that a conveyance made by Barr to his son, Malcolm E. Barr, after making the agreement to purchase the real estate, should be set aside and declared null and void. The cause was heard by the chancellor upon the bill, answers, replications and evidence, oral and documentary. The chancellor found the issues for the complainant, and that her rights in the premises to be conveyed are paramount to the rights of any person whomsoever, including John F. and Malcolm E. Barr. There having been a conveyance of the property by John F. to Malcolm E. Barr, the court found from the evidence that it was made for the purpose of defrauding complainant, and ordered that Malcolm E. Barr immediately re-convey the premises to John F. Barr, and on failure to do so within two days of the entry of the decree that one of the designated masters in chancery of Cook county execute a deed. It was further ordered and decreed that upon payment by the complainant to John F. Barr of the sum of $5500, (the balance of the purchase money found due,) Barr carry out all the terms and· provisions of the contract of sale entered into by him with complainant, and that he execute and convey to her by proper war-

ranty deed the premises in question with a clear title as
of March 21, 1922, and that on his failure so to do with-
in five days of the entry of the decree, the master in chan-
cery, upon payment to him of the sum of $5500 by the
complainant, carry out the terms and provisions of the
contract of sale in every respect and execute and deliver
to her a deed to the property described in the contract and
bill. An appeal from the decree was perfected by the de-
fendants to the Appellate Court for the First District. The
third division of that court reversed the decree of the cir-
cuit court *in toto.* Complainant in the circuit court, appel-
lee in the Appellate Court, prosecutes a writ of error to
reverse the judgment of the Appellate Court.

It is said in the brief of counsel for plaintiff in error
that a motion was made in the Appellate Court to trans-
fer the cause to the Supreme Court but that the Appellate
Court refused to transfer it. We have not been able to
find anything in the record certified to this court showing
any motion or petition or any other step taken in the Ap-
pellate Court to transfer the cause, but in the assignments
of error in this court the first ground alleged for reversal
of the judgment of the Appellate Court is that a freehold
is involved and that the Appellate Court had no jurisdic-
tion and that the appeal should have been taken by the de-
fendants in the suit directly to this court, with a prayer
for reversal of the judgment of the Appellate Court for
that reason.

Under section 118 of the Practice act, a freehold being
involved on the face of the record, the Appellate Court had
no jurisdiction to entertain the appeal, and the order en-
tered by it is therefore *coram non judice* and ineffectual
for any purpose. (*People* v. *Harrison,* 223 Ill. 540.) That
question being presented and necessary to be considered in
the disposition of the case, it was the duty of the Appel-
late Court, by the plain language of section 102 of that act,
to not proceed to judgment, but of its own motion, if no

motion was in fact presented, to order the record of the cause transferred to this court. This court cannot by appeal or writ of error acquire jurisdiction to consider the merits of a cause of which that court had no jurisdiction. *Foote v. Marggraf,* 233 Ill. 48; *Foote v. Yarlott,* 234 id. 560; *McComb v. McComb,* 238 id. 555.

The judgment of the Appellate Court is reversed and the cause remanded to that court, with directions to order the record transferred to this court.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Crow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Reversed and remanded, with directions.*