Veda Anderson, Appellee, v. Charles E. Anderson, Appellant.

Gen. No. 9,743.

<table>
<tr><td></td><td>Heard in this court</td></tr>
<tr><td>at the February term, 1942.</td><td>Opinion filed April 8, 1942.</td></tr>
</table>

STANLEY H. GUYER, of Rockford, for appellant.

MILLER & THOMAS, of Rockford, for appellee; CHARLES A. THOMAS, of Rockford, of counsel.

Mr. Presiding Justice Huffman delivered the opinion of the court.

Appellee instituted her suit against appellant for divorce on the ground of habitual drunkenness. It was alleged that he was the owner in fee of certain farm land. She obtained a temporary writ enjoining him from disposing of or encumbering any of his property. Appellant filed answer denying the charge of habitual drunkenness, setting up that he was a farmer by occupation, owned his own farm, kept the same in a good state of repair, was a good farmer, and made money thereby with which he had discharged the indebtedness against his farm. The temporary order required that he pay $60 per month to appellee together with certain specified attorney fees and costs. By agreement of the parties, the above order was modified to permit appellant to dispose of sufficient personal property to comply with the terms of the order. The order was again modified on motion of appellant, which set up that he owned approximately 165 acres of land which was stocked with cattle and other livestock, and that he could not properly and successfully operate same without the right to sell the livestock when it was ready for the market and at a time when the market was advantageous to such sale; further setting up that if he was to be required to pay the alimony to appellee as ordered, that he must be free to operate his farm and stock business so as to make money. Following this petition, the original order was modified, giving him the right to dispose of personal property as he deemed expedient. Thereafter, appellant sold the livestock and by the order of the court, half the proceeds therefrom were delivered to the clerk of the court for and on behalf of appellee.

It appears that on July 28, 1941, the case was heard by the judge of the circuit court, in the absence of appellant. The only evidence on behalf of appellee was her testimony. The court decreed divorce to ap-

pellee, found that appellant was the owner in fee of the lands in question, and ordered that the same (except five acres which apparently is disconnected from the farm) be sold by the master to the highest bidder for cash, but for not less than $10,725, and for the master to bring the money into court for distribution.

Following the entry of such decree, appellant filed his motion to vacate same, setting up that his farm consisted of upwards of 165 acres, together with an additional five acres of timber. That he married appellee in 1910; that she left him for a temporary period in 1913, and again in 1916; that following the last separation, she returned to his home in July 1917, where she continued to live until October 1934, when she again left him; that she filed her bill for divorce in this case in September 1939; that upon appellant being served with summons, he went with same to the office of Mr. B. Jay Knight, retained him as his attorney, and paid him the amount requested for such services; that he continued to reside upon his farm until September 1940, when he sustained an accident to his right leg which caused him to suffer from a paralysis of the hip; that this made it impossible for him to operate the farm, and that he had leased it for a rental of $800 per year. He further sets up that he was notified by his attorney to be present at his office for trial of this cause at 8:30 o'clock on July 21, 1941, and that he was present at such time and place; that his attorney had advised him the case would be tried that day; that he and his attorney went to the court house where his attorney had a conference with counsel for appellee, in a side room; that following this conference between counsel, his attorney advised him that the case had been continued until July 23, 1941; that on said day, he again went to the office of his attorney, but that the case was not tried on that day; that he was not advised of any other day fixed for the trial of said case, and had no knowledge that it was heard on

July 28, 1941, until he read an account of the hearing in the Rockford newspaper; that on the following day, July 29, he went to the office of his attorney to find out what had happened, regarding his case, and why it had been tried without his presence. He states his attorney informed him that he did not need any witnesses; that his farm was going to be sold, and appellee would be given one half of the proceeds. The motion to vacate the decree was denied.

Appellant has prosecuted this appeal from the decree rendered against him.

As previously stated, appellee was the only witness in her behalf. Appellant's attorney testified with respect to the value of appellant's land. No cross-examination was made of appellee. No other witness testified.

The decree in this case does not attempt to create a lien upon the real estate to secure the payment of any money to become due thereunder to appellee, nor do we find where it provides for the payment of any alimony. However, it does provide for a sale of the freehold. Thus, the effect of the decree is to divest appellant of his title to his land. Since this is the force and effect of the decree rendered, a freehold is directly involved, and the appeal should have been taken to the Supreme Court. *McComb v. McComb,* 238 Ill. 555, 556; *Lewis v. Lewis,* 316 Ill. 447, 448; *Floberg v. Floberg,* 358 Ill. 626, 627.

The cause is therefore transferred to the Supreme Court, and the clerk of this court is directed to transmit transcript and all files in said cause to the clerk of that court.

*Cause transferred.*