(No. 29059.—

JOHN PODGORNIK, Appellee, *vs.* MARY PODGORNIK, Appellant.

*Opinion filed November 21, 1945.*

GRABLOWSKI & KANAK, and HARVEY L. CAVENDER, both of Chicago, for appellant.

JOSEPH H. and NORMAN BECKER, (FRED A. GARIEPY, and JOHN SPALDING, of counsel,) all of Chicago, for appellee.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is an action for divorce. The suit was brought in the superior court of Cook county by appellee against appellant. In the complaint he charged appellant with adultery and extreme and repeated cruelty. She filed a counterclaim charging him with extreme and repeated cruelty. Upon a hearing the chancellor found appellant guilty of adultery and extreme and repeated cruelty, as charged in the complaint, and entered a decree for divorce. The counterclaim of appellant was dismissed for want of equity.

The record shows that the parties were married on September 17, 1929, and lived together as husband and wife until August 16, 1943. Both had been previously married. The acts of adultery and cruelty alleged to have been committed by appellant were testified to by appellee and denied by appellant. There was some rather unconvincing evidence which tended to corroborate each of them. The decree for divorce having been entered by the chancellor upon conflicting testimony as to the facts and findings on which

it was based, we would not be justified in reversing that part of the decree which is dependent upon the weight and credence to be given to the testimony of the parties.

It appears, however, from the record, that in 1941, appellee conveyed to appellant a one-half undivided interest in three parcels of real estate located in the city of Chicago. The court, by its decree, directed appellant to convey by quitclaim deed, all of her right, title and interest to appellee in two of these parcels of real estate. As to the third parcel, he directed that appellee convey by quitclaim deed all of his right, title and interest to appellant. The decree ordered that these deeds be made within ten days and if not made within that time, the master was ordered to execute the deeds.

It is settled that under section 17 of the Divorce Act (Ill. Rev. Stat. 1943, chap. 40, par. 18,) the court, in a divorce action, may compel the conveyance of property held by one party which, in equity, belongs to the other, and may adjust the equities of the parties in any property owned by them jointly. In order, however, to warrant the court in directing the conveyance of property belonging to one, to the other, there must be special circumstances and existing equities justifying the conveyance, and such special circumstances and equities must be alleged in the complaint and established by the proof. *Anderson* v. *Anderson*, 380 Ill. 435; *Bissett* v. *Bissett*, 375 Ill. 551.

Under section 17 of the Divorce Act, the court may compel a conveyance of property held by one party belonging to the other, upon such terms as it shall deem equitable, but such relief can be obtained only by proper allegations in the complaint. Relief can be granted only in accordance with the allegations of the complaint and which are sustained by the proof. A decree cannot be rendered upon facts shown by the evidence which would warrant relief unless those facts are alleged in the complaint. *Czarnecki*

v. *Czarnecki,* 341 Ill. 629; *Giesler* v. *Giesler,* 336 Ill. 410; *Lewis* v. *Lewis,* 316 Ill. 447; *Meyer* v. *Meyer,* 255 Ill. 436; *Higgins* v. *Higgins,* 219 Ill. 146.

The record in this case shows neither allegations nor proof which would justify the court in decreeing the conveyance of the one-half interest owned by either of the parties, in the three parcels of real estate which they owned jointly, to the other. The one-half interest in the property here involved was conveyed by appellee to appellant in 1941. At the time the conveyance was made, they were each represented by an attorney. There is no claim of any fraud or failure to understand the effect of the deed, or that it was not voluntarily made. There are no allegations in the complaint seeking to set aside that conveyance. The complaint, after alleging that appellant had appropriated more than $5000 of appellee's money, and after asking for an accounting and return of the money, alleged that in equity and good conscience, the undivided one-half interest owned by appellant in said property should be impressed with a trust in favor of appellee "to the amount found to be due from the defendant to the plaintiff upon the taking of the account between the parties, prayed for herein, and that the lien of the plaintiff upon said real property and the interest of said defendant therein ought to be enforced in favor of the plaintiff under the direction of the court." In the prayer of the complaint, appellee prayed for an accounting and that the amount found to be due upon such accounting be decreed to be a lien upon the real estate of appellant and "particularly upon the undivided one-half interest" of appellant in one parcel only of the real estate owned by them jointly. It will thus be seen that there is no allegation of fraud in connection with the conveyance of the one-half interest in the properties to appellant by appellee. There are no special circumstances alleged which would justify or warrant the court in decreeing that ap-

pellant's one-half interest in two of the properties be conveyed to appellee, or that appellee's one-half interest in the remaining property be conveyed to appellant.

The only evidence touching the subject of the conveyance of appellee to appellant of the one-half interest in the properties was appellee's testimony. He testified that at the time the conveyance was made in 1941 appellee had said that she had $7000 put away, which "she was going to bring to me if I sign her one-half of the property. She refused after I signed it." On cross-examination, he testified that his wife promised to give him $7000 when he deeded her an interest in the real estate; that when he signed the deed he was represented by a lawyer and knew what he was doing; that the deed was signed "with the understanding that I would be a good husband she would be a good wife." His testimony as to the $7000 promised was denied by appellant. There is no other evidence in the record relating to the conveyance.

Neither was there any evidence in the record which would justify an accounting as between the parties for funds alleged to have been taken by appellant from appellee's business. The record shows that prior to the separation, appellee was engaged in conducting a saloon in Chicago. He had been so engaged in the same location for twenty-two years. After his marriage to appellant in 1929, they both worked in the saloon, where they also served meals. Appellee testified that in June, 1943, he went to a hospital at Waukesha, where he stayed until July 14, 1943; that he left the saloon in charge of his wife and a bartender, who was named co-respondent in the suit. He further testified that when he left, his wife had $5700 belonging to him and which he had accumulated from the business, in her possession. He testified on cross-examination that he knew she had the $5700 only because she told him so. This, she denied. He further testified that he told her when he left to deposit the money

in the bank which, he testified, she did not do; that she had not deposited the same up to the time of the separation in August, 1943, and that she also had the receipts from the business while he was in the hospital, except $1285, which she left on the table at the time of the separation. This testimony was all denied by appellant.

· The court did not make any finding as to the amount of money belonging to appellee for which he claimed she had failed to account. Upon the testimony it would have been impossible to find any specific amount. Nor is there any proof in the record as to whether such money, if any, belonged to appellee or was owned jointly by the parties. As already observed, they both worked in the saloon and the record indicates that the receipts were joint earnings of both. By the decree the court simply found that appellant appropriated to her own use, moneys belonging to appellee, as charged in the complaint. Then, without finding or setting out any special circumstances or equities existing in the real estate owned jointly, as contemplated by section 17 of the Divorce Act, and with absolutely no evidence of the values of the properties, the court decreed the execution of quitclaim deeds by the parties, as already pointed out. Even though there had been evidence which would justify a finding that appellant had misappropriated funds belonging to appellee, this would not have justified the court in directing the conveyance of the properties, the value of which was not shown. All the court would have been authorized to do would be to enter a money decree for the payment of the money, which would have been a lien on her real estate under section 44 of the Chancery Act. Ill. Rev. Stat. 1943, chap. 22, par. 44.

We have already pointed out that there were no allegations in the complaint and no findings in the decree of any special equities or circumstances, and no evidence upon which any such findings could have been made, which would authorize the court to direct the conveyance of real

estate belonging to one of the parties, to the other. That part of the decree cannot be sustained.

The decree of the superior court, in so far as it directed appellant to quitclaim her interest in the two parcels of property, owned jointly by the parties, to appellee, and in so far as it directed appellee to quitclaim his interest in the third parcel of real estate, owned by the parties jointly, to appellant, is reversed. In all other respects the decree is affirmed. *Affirmed in part and reversed in part.*