(No. 31927.

DONATO PERSICO, Appellant, *vs.* GRACE PERSICO, Appellee.

*Opinion filed September 21, 1951.*

RAYMOND J. HARVEY, of Joliet, for appellant.

DALE G. NICHOLSON, and PALMER DI GIULIO, both of Joliet, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The plaintiff, Donato Persico, brought an action in the circuit court of Will County against the defendant, Grace Persico, his wife, for divorce upon the ground of desertion. In addition, plaintiff sought an equal division of three improved parcels of real estate, and an accounting by defendant of rents collected and of moneys received from plaintiff.

By her amended counterclaim defendant sought a divorce upon the grounds of extreme and repeated cruelty, drunkenness and desertion. She also requested alimony for herself and an additional sum for the support and maintence of a disabled adult son who suffered from rheumatic fever. As to the real estate, defendant asked that the two parcels held in her name be decreed to be her property; that, by reason of special equities alleged, the third parcel, held in tenancy in common, also be decreed her property and that plaintiff be ordered to convey his title and interest in this parcel to her.

The chancellor entered a decree for divorce in favor of defendant, finding that all of the grounds for divorce which she alleged were established by the evidence. The chancellor further found that plaintiff had no special equity in the two properties standing in the name of defendant; that defendant was entitled to alimony and to support money for the maintenance of their disabled son; that, because plaintiff works infrequently and is habitually intoxicated, an order for periodic payments of alimony and support money would be both unworkable and unsatisfactory; that the evidence clearly indicated that continued common ownership of the property held in tenancy in common would result in endless quarrels and bickering; that this particular property was worth $18,000, and that a conveyance by plaintiff of his interest in this property upon the payment to him of the sum of $9000 by defendant would constitute a suitable lump-sum settlement of defendant's claim for

alimony and for the support of their disabled son. A decree was entered in accordance with these findings. Plaintiff prosecutes a direct appeal, a freehold being involved.

The correctness of the part of the decree awarding defendant a divorce is not questioned. The only contentions made by plaintiff are (1) that he is equitably entitled to a one-half interest in each of the properties of which defendant is the owner of record, and (2) that the chancellor erred in ordering him to convey to defendant his interest in the property held in tenancy in common.

Section 17 of the Divorce Act (Ill. Rev. Stat. 1949, chap. 40, par. 18,) provides: "Whenever a divorce is granted, if it shall appear to the court that either party holds the title to property equitably belonging to the other, the court may compel conveyance thereof to be made to the party entitled to the same, upon such terms as it shall deem equitable." While courts in divorce actions are thus empowered to determine the property rights of the parties solely upon the basis of equitable ownership and regardless of fault in the dissolution of the marriage, special circumstances and existing equities sufficient to justify the conveyance are required to be alleged in the complaint and established by the evidence. (*Insoda* v. *Insoda*, 400 Ill. 596; *Podgornik* v. *Podgornik*, 392 Ill. 124.) Relief cannot be granted where there are no allegations of equities or special circumstances in the complaint. (*Marcy* v. *Marcy*, 400 Ill. 152; *Skoronski* v. *Skoronski*, 395 Ill. 301.) Here, plaintiff did not allege any special equities in the real estate either in his complaint or in his answer to the counterclaim, and it does not appear that plaintiff filed an answer to the amended counterclaim. Furthermore, a careful review of the record satisfies us that the finding of the chancellor that plaintiff had no equity or any special interest in the property of defendant is not contrary to the manifest weight of the evidence.

The part of the decree directing plaintiff to convey his undivided one-half interest in the property held in tenancy in common to defendant as alimony in gross upon her payment to him of the sum of $9000 remains to be considered. In this connection, plaintiff first complains of the finding that the property, consisting of a remodeled store building converted into four apartments, is worth $18,000. An experienced real-estate broker so testified. The only other evidence as to value was the unsupported statement of plaintiff that it cost $24,000 to improve the property, besides his own labor, and his assertion that the property was worth $30,000. The challenged finding is within the limits of the evidence.

Plaintiff also contends that there are no allegations, findings or evidence of any equities or special circumstances to justify the conveyance. This contention is not well founded. Defendant did allege that the property in question was acquired, maintained and remodeled solely with funds from her personal estate and introduced considerable evidence to that effect. The conveyance, however, was not directed upon the theory that the chancellor was adjusting the equities of the parties in the ownership of the property under section 17 of the Divorce Act. It was ordered as settlement in lieu of alimony under section 18, as amended in 1949. Ill. Rev. Stat. 1949, chap. 40, par. 19.

The jurisdiction of a court hearing divorce matters is based upon statute rather than upon general equity powers. (*Ward* v. *Sampson,* 395 Ill. 353; *McFarlin* v. *McFarlin,* 384 Ill. 428.) Under the Divorce Act as it existed prior to 1949, a court had no authority to compel a conveyance of real estate as alimony or for any other claim arising solely out of the marriage relation. (*Anderson* v. *Anderson,* 380 Ill. 435; *Bissett* v. *Bissett,* 375 Ill. 551.) The only way the spouse awarded a divorce could become entitled to a conveyance of property standing in the name of

the other spouse was by alleging and proving equitable ownership in the property or upon the basis of special equities arising out of the particular facts of the case. *Byerly* v. *Byerly*, 363 Ill. 517; *Giesler* v. *Giesler*, 336 Ill. 410.

In 1949, section 18 of the Divorce Act relating to alimony, was amended by adding the' following sentence: "The court may order the husband or wife, as the case may be, to pay to the other party such sum of money, or convey to the party such real or personal property, payable or to be conveyed either in gross or by installments as settlement in lieu of alimony, as the court deems equitable." The plain and unmistakable purpose of the amendment was to authorize a court in a divorce action to compel the conveyance of property from one spouse to the other as a settlement in lieu of alimony. A conveyance of property in lieu of alimony under section 18, as it now stands, is essentially different from a division of the property of the parties under section 17. Consequently, the allegations and proof of special equities or circumstances necessary to sustain a conveyance under section 17 are not applicable. All that is required is that the recipient spouse be entitled to alimony and that the conveyance be equitable.

Plaintiff does not deny that his wife is entitled to alimony and the chancellor did not abuse his discretion in ordering plaintiff to convey his interest in the apartment building to defendant. Although, according to plaintiff, he was steadily employed as a common laborer during all his married life, except for a three-year period, and, while indulging in intoxicating beverages almost daily, never became drunk or lost a day's work as a result of drinking, his wife and two adult sons, the only children of the marriage, all testified he only worked from three to seven months a year, that he frequently became intoxicated, and that even when employed he did not work more than a few days each week. In addition, the evidence shows that de-

fendant maintained the family home in one of the four apartments in the building in question and that plaintiff returned to the building about eight months after he deserted defendant, and lived alone in a room in the basement, often shouted curses through the ceiling at defendant and planned to occupy one of the apartments following the termination of this litigation. It thus appears the findings of the chancellor that an order for regular periodic payments for the support and maintenance of defendant would be both unworkable and unsatisfactory and that continued common ownership of the building would lead to endless bickering and possible future litigation are fully supported by the evidence. Manifestly, these findings are sufficient to warrant a conveyance of real property as a settlement in lieu of alimony, and the conveyance being eminently equitable, particularly in view of the provision requiring defendant to pay plaintiff the sum of $9000, the decree will not be disturbed.

The decree of the circuit court of Will County is affirmed.

*Decree affirmed.*