(No. 34654, 34658 Cons.—

BETTY ADELE WRIGHT STEVENS, Appellant, *vs.* CHESTER
A. STEVENS, Appellee.

*Opinion filed May 21, 1958—Rehearing denied June 18, 1958.*

Rodney A. Wright, of Elgin, for appellant.

Roy S. Lasswell, of Chicago, for appellee.

Mr. Justice Bristow delivered the opinion of the court:

This court has allowed plaintiff's petition for leave to appeal from a judgment of the Appellate Court, affirming a decree entered by the circuit court of DeKalb County, awarding plaintiff, Betty Adele Wright Stevens, a divorce from defendant, Chester A. Stevens, and disposing of certain real estate to which plaintiff had exclusive title.

The essential issues are first, whether the Appellate Court erred in concluding that a freehold was involved, and in reviewing the cause without determining the freehold issue; and, secondly, whether the particular property disposition was in accordance with the provisions of the Divorce Act.

The operative facts pertaining to those issues are that on May 16, 1956, plaintiff, Betty Adele Wright Stevens,

filed suit for divorce from defendant, Chester A. Stevens, on the grounds of extreme and repeated cruelty. Defendant denied in general plaintiff's allegations, and filed a counterclaim for separate maintenance, charging adultery, and praying for custody of the children. The jury, impanelled at defendant's request, returned a verdict finding that defendant was guilty of cruelty as charged, and that plaintiff was not guilty of adultery; and the court took under advisement plaintiff's motion for judgment on the verdict, made orally immediately after the verdict, and again, in writing, on September 28, 1956. Subsequently, in chambers, the court indicated that it intended to order that plaintiff's Glencoe property, in which the court found each party had $6,500 invested, be sold to pay the debts of both parties without reference to whether the indebtedness was incurred before or after suit was filed. Plaintiff then moved for a hearing to make a matter of record her exclusive title to the Glencoe property and the facts supporting her claim to retain it.

At the hearing thereon, on October 19, 1956, plaintiff testified that title was put in her name alone, since she put into the marriage approximately $48,000 from her inheritance, which defendant had promised but failed to repay. She itemized the stocks and bonds cashed in that connection, and also testified that she had borrowed, at defendant's request, some $1,600 from the DeKalb Trust and Saving Bank, using her own stock as collateral, which sum was still owing.

Evidence relating to the financial status of defendant included the sworn statement of his employer that his salary was $795 per month, and his earnings the preceding year were $8,430; defendant's testimony that his take-home pay was $600 a month, and that he owned no property; testimony that defendant had a personal indebtedness of over $2,000, most of which was incurred after the service of the summons in this cause, and a total indebtedness of

$5,571.75; and that plaintiff's bills, including those for moving and storage, totalled $992.65.

The decree was entered several months later, on December 21, 1956, as originally contemplated. It granted plaintiff a divorce from defendant; awarded her custody of the children, subject to defendant's visitation rights; found the parties to be owners, with equal equities, of the Glencoe property; ordered its sale and an equal division of the net proceeds after the payment of the mortgage and the total indebtedness of both parties, including attorney fees; and ordered defendant to pay $75 per month for each of the three children and $100 a month for plaintiff.

After plaintiff perfected her appeal, the property was sold, pursuant to the decree and stipulation of the parties, for $38,500. The balance of the proceeds, amounting to some $16,198, after payment of the mortgage, was delivered to the clerk of the court, who still retains possession thereof.

Plaintiff appealed only from those parts of the decree which deal with the property rights of the parties, including primarily the sale and distribution of the proceeds of the sale of her real estate to pay debts and attorney's fees, and from the alimony provisions. She contends that the chancellor exceeded his authority under the Divorce Act by ordering the sale of property belonging to the party granted the divorce, and the payment of creditors' claims and attorneys' fees from the proceeds of the sale.

Defendant, however, argues in his brief, which plaintiff moved the court to disregard since it was filed long after the due date, that plaintiff had released all errors relating to the property disposition by agreeing to the sale; that since a freehold was involved, plaintiff, by appealing to the Appellate Court, waived her right to object to errors relating to the freehold; and that defendant should be entitled to amend his complaint to claim rights to plaintiff's property as supported by the record.

In an opinion filed September 9, 1957, the Appellate Court held that there was no waiver of errors by plaintiff, since the sale was pursuant to a court decree and the proceeds were held by the clerk of the court; that inasmuch as a freehold was involved, the court lacked jurisdiction on all assignments of error directed to that issue; and that since no motion was made to transfer the cause, the court would affirm the decree, as it was not against the manifest weight of the evidence. The Appellate Court thereafter denied plaintiff's petition for rehearing, her motion to transfer the cause to the Supreme Court under section 86 of the Civil Practice Act, and her motion for a certificate of importance.

We have allowed plaintiff's petition for leave to appeal, and in reviewing the cause we will consider, first, whether the Appellate Court erred in affirming the trial court without considering the disposition of the Glencoe property on the ground that it involved a freehold, and was, therefore, outside of its reviewing jurisdiction.

Although defendant's brief, which raised the freehold issue, should not have been considered by the court, since it was not timely filed in accordance with the requirements of the Rules (Appellate Court Rule 9,) nevertheless, the Appellate Court was obliged on its own motion to consider whether its appellate jurisdiction was properly invoked. *Rossiter* v. *Soper*, 384 Ill. 47; *Brauer Machine and Supply Co.* v. *Parkhill Truck Co.* 383 Ill. 569, 573.

Under section 75 of the Civil Practice Act (Ill. Rev. Stat. 1957, chap. 110, par. 75,) appeals of cases involving a freehold must be taken directly to the Supreme Court, rather than to the Appellate Court. To come within the terms of section 75, the freehold must be put in issue either by the pleadings, so that the decision of the case necessarily involves a determination of such issue, or, it must appear that the necessary result of the judgment or decree is that one party loses and the other gains a freehold estate. In

all cases, however, the issue of a freehold must have been directly presented to the trial court, and not merely collaterally, contingently, or incidentally involved. *Tree* v. *DeMar*, 2 Ill.2d 547, 556; *Anderson* v. *Anderson*, 380 Ill. 435.

In the instant case, it is evident that the pleadings in the divorce proceeding did not put the title to a freehold in issue, nor was evidence thereon presented to the jury; however, the freehold issue was injected into the cause after the chancellor intimated in chambers that he would order the sale of plaintiff's property to pay the debts of the parties. It was directly presented to the court in the ensuing hearing thereon, and specifically included in the provision in the decree divesting plaintiff of her freehold estate and ordering its sale. Moreover, it is from this portion of the decree, rather than from the divorce itself, that plaintiff has taken this appeal. Under such circumstances, it is evident that a freehold is directly involved. *Anderson* v. *Anderson*, 314 Ill. App. 140, transferred to Supreme Court, 380 Ill. 435; *McComb* v. *McComb*, 238 Ill. 555, 556; *Lewis* v. *Lewis*, 316 Ill. 447, 448.

In the *Anderson case* the Appellate Court stated: "However, it [the decree] does provide for a sale of the freehold. Thus, the effect of the decree is to divest appellant of his title to his land. Since this is the force and effect of the decree rendered, a freehold is directly involved, and the appeal should have been taken to the Supreme Court."

We cannot accept plaintiff's contention that the cause does not involve a freehold, but merely whether the trial court, in dealing with plaintiff's separate property, exceeded its jurisdiction as set forth in the Divorce Act and entered a void order. That argument was specifically rejected in the *Anderson case,* where the divorce court ordered the sale of a freehold estate and the cause was appealed first to the Appellate Court, and then transferred to the

Supreme Court, (380 Ill. 435, 438,) which stated: "* * * the circuit court has jurisdiction of the parties and jurisdiction to grant a divorce, award alimony and maintenance and to make a property settlement. It had no authority to decree a sale of appellant's farm land under the circumstances but that did not render the decree void, it was merely erroneous."

Similarly, in the instant case the trial court had jurisdiction of the parties and the subject matter, including the power under the Divorce Act to make property settlements, hence the decree was at most an erroneous application of this power. Since it was exercised over a freehold estate, and the issue on appeal was the propriety of divesting plaintiff of her title under the particular circumstances, the appeal should have been taken to this court as provided in the Civil Practice Act.

However, while the Appellate Court properly concluded that a freehold was involved, it erred in proceeding to dispose of the cause and in affirming the decree of the trial court without considering that issue. Unlike the case of *Tree* v. *DeMar,* 2 Ill.2d 547, cited by defendant in support of the waiver contention, where the freehold was merely collaterally, but not directly involved, and no assignment of errors was made thereon, in the instant case the freehold issue was the essence of the appeal in which plaintiff specifically objected to the trial court's disposition of her title. Where its reviewing jurisdiction is improperly invoked, as in the case at bar, the Appellate Court is obliged to transfer the cause to this court, as specifically provided by the terms of section 86 of the Civil Practice Act (Ill. Rev. Stat. 1957, chap. 110, par. 86,) irrespective of whether a motion to transfer was made. (*Schmidt* v. *Barr,* 328 Ill. 365; *McCann* v. *Continental Casualty Co.* 4 Ill.2d 170.) In the *Schmidt case* the court stated, at p. 367: "That question [a freehold] being presented and necessary to be considered in the disposition of the case, it was the duty

of the Appellate Court, by the plain language of section 102 [present section 86] of that act, to not proceed to judgment, but of its own motion, if no motion was in fact presented, to order the record of the cause transferred to this court."

Although it was originally held that where an Appellate Court erroneously reviewed an appeal involving a freehold, the judgment would be reversed and the cause remanded to that court with directions to transfer the record to the Supreme Court (*McComb* v. *McComb,* 238 Ill. 555,) the more recent cases eliminate the unnecessary procedure of remandment to the Appellate Court with directions to transfer, and retain jurisdiction to adjudicate the issues. *Matanic* v. *Krajach,* 392 Ill. 547; *Saunders* v. *Saunders,* 373 Ill. 302.

It is therefore incumbent upon us to review the propriety of the order disposing of plaintiff's Glencoe property. We agree with the Appellate Court that this issue has not been waived by plaintiff, as defendant contends, by her consent to the sale of the property. Inasmuch as the sale was not voluntary, but in compliance with a court order, and the proceeds were to be, and have been continually held by the clerk of the court, under the court's direction, plaintiff's consent thereto in no way constitutes a release of errors. *Chaney* v. *Baker,* 302 Ill. 481; *Kerner* v. *Thompson,* 365 Ill. 149.

With reference to the merits of property disposition, the only provision in the Divorce Act, under which the court could give defendant any interest in the property held in plaintiff's name, is section 17 (Ill. Rev. Stat. 1957, chap. 40, par. 18.) This section provides: "Whenever a divorce is granted, if it shall appear to the court that either party holds the title to property equitably belonging to the other, the court may compel conveyance thereof to be made to the party entitled to the same, upon such terms as it shall deem equitable."

To justify a conveyance under this section, special circumstances and equities must be alleged and established by the evidence. (*Cross* v. *Cross,* 5 Ill.2d 456; *Skoronski* v. *Skoronski,* 395 Ill. 301, 302; *Persico* v. *Persico,* 409 Ill. 608.) In the *Skoronski case* the court stated, at p. 302: "We have held repeatedly that in order, in a divorce case, to authorize the court to direct a conveyance of property from one party to the other, there must be special circumstances and existing equities to justify the conveyance, and such special circumstances and equities must be alleged in the complaint. [Citations] The only authority for the court to order any conveyance is under section 17 of the Divorce Act, * * *. However, under this section we hold that not only there must be an allegation in the complaint, but a decree cannot be rendered upon facts shown by the evidence, unless such facts are alleged in the complaint."

The rule obviously applies equally to defendant's pleadings, where he seeks equities in plaintiff's property.

As hereinbefore noted, defendant's pleadings neither alleged that he had any interest in the Glencoe property, to which plaintiff had exclusive title, nor did he pray for any affirmative relief; nor was the property in any way involved in the presentation of evidence to the jury. The only evidence thereon was at the hearing which plaintiff requested for the record, after the chancellor intimated in chambers that he intended to order the sale of plaintiff's property to pay debts, and then divide the proceeds. It appeared that although plaintiff and defendant had each contributed some $6,500 to the initial payment on the house, title was deliberately put in plaintiff's name to repay her in some measure for the thousands of dollars, itemized by her, which she had advanced from her inheritance and put into the marriage, upon defendant's repeated and completely unfulfilled promises of repayment. The only contrary evidence offered by defendant was in his inconsistent statements, first, that title was put in plaintiff's name "for con-

venience," and then, "through fraud," without a scintilla of evidence in support thereof.

Under these circumstances, defendant failed to sustain by clear and convincing evidence the burden of overcoming the presumption in law of a gift from husband to wife, where she is given title to property purchased in whole or in part from his funds. *Lutticke* v. *Lutticke*, 406 Ill. 181; *Rybakowicz* v. *Rybakowicz*, 290 Ill. 550; *Nickoloff* v. *Nickoloff*, 384 Ill. 377.

Therefore, inasmuch as defendant neither claimed nor established any equity in the Glencoe property, the chancellor erred in depriving plaintiff of her freehold estate in the Glencoe property, under section 17 of the Divorce Act.

Nor would such a decree become proper if defendant had been allowed by the Appellate Court to amend his pleadings and claim an interest in plaintiff's property. That motion was tantamount to an admission that the decree awarded him equities which he had not even sought in his pleadings. Although section 46 of the Civil Practice Act (Ill. Rev. Stat. 1957, chap. 110, par. 46,) provides that a pleading may be amended at any time before or after judgment to conform the pleadings to the proofs, and section 92a of that act provides that the reviewing court may exercise all the powers of amendment of the trial court, defendant's motion to amend was properly disallowed by the Appellate Court, for there was no such proof to establish defendant's equities in plaintiff's property. If he had a meritorious claim to the property, it should have been presented to the trial court. Moreover, even on appeal, defendant has not argued the merits of the disposition granting him equities in the property, but has relied primarily upon technical defenses; consequently, there are no grounds whatever for allowing defendant to amend his pleadings.

Furthermore, there is no provision in the Divorce Act authorizing the sale of property for the payment of debts. Section 20 authorizes only the sale of property of the party

required to pay alimony to enforce such payment where it has been decreed to be a lien on the property, but in no way authorizes the sale of real estate owned by the party who is entitled to the alimony in order to pay the debts of the guilty party. The authority exercised by the chancellor in the instant case, in ordering that creditors of the parties be paid from the proceeds of the sale of plaintiff's property, irrespective of when and by whom the debts were incurred, would merely serve to encourage the guilty party to incur obligations and deplete the estate at the expense of the party granted the divorce. Thus, in effect, the decree herein not only unwarrantably deprives plaintiff of her freehold estate and gives defendant a share which he did not even claim, but imposes upon plaintiff the additional penalty for defendant's extravagances, all of which is neither within the terms nor the purport of the Divorce Act. However, plaintiff stipulated that the property be sold to certain purchasers at a designated price; she did not obtain a *supersedeas* on appeal or otherwise prevent the sale as ordered by the court. The purchasers are not before this court and no relief has been sought against them. Plaintiff is thereby estopped from claiming the property and her claim is limited to the proceeds of its sale.

It is our judgment, therefore, that the circuit court erred in the disposition of the proceeds of the sale of plaintiff's Glencoe property, and that portion of the decree is reversed and the cause is remanded with directions to award the net proceeds of the sale, remaining in the hands of the clerk, to the plaintiff. With reference to the various orders relating to the allotment of alimony, visitation of the children, and insurance, to which plaintiff has also objected, these were matters within the discretion of the trial court, and since there is no showing of an abuse of such discretion, the decree should otherwise be affirmed.

*Affirmed in part and reversed in part*
*and remanded, with directions.*