NANCY JUNE DEBREY, Plaintiff-Appellee, *v.* JAMES LEROY DEBREY, Defendant-Appellant.

(No. 11272;

Fourth District—May 20, 1971.

Sorling, Catron & Hardin, of Springfield, (George W. Cullen and Patrick V. Reilly, of counsel,) for appellant.

Drach, Terrel & Deffenbaugh, of Springfield, (Robert W. Deffenbaugh, of counsel,) for appellee.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

The divorce decree awarded the plaintiff a divorce, provided her monthly alimony and child support, gave her custody of the children with visitation rights, awarded attorney fees and directed the defendant to convey to plaintiff the marital home in fee and shares of stock in a wholly-owned corporation. It required him to maintain $50,000.00 in-

surance on his life with the children as beneficiaries until the youngest reached majority. The defendant husband appeals from that portion of the decree which ordered (1) the conveyance of the marital home solely owned by him to the wife, (2) the transfer of 125 shares of Simplex Corporation to her, (3) him to maintain $50,000.00 worth of life insurance for the benefit of the children and (4) the amount and payment of attorney fees.

The divorce was granted and questions as to property rights, custody, etc., were reserved. Testimony was taken. The court announced its holdings and directed the preparation of a decree. A motion by the defendant to reconsider the trial court's findings was set for hearing and further and additional testimony was taken. A modification of the findings was denied. The plaintiff filed a motion to amend her complaint to allege special equities in some of the properties so that the allegations of the complaint would conform to the testimony. The motion was denied by the trial court and decree entered. The motion to amend is renewed in this court. We took the motion with the case.

This appeal basically raises the question as to whether or not the trial court exceeded its statutory powers in ordering the transfer of property to the wife, in ordering the maintenance of the life insurance and abused its discretion in the amount of attorney fees allowed.

■■■ In determining the propriety or impropriety of the divorce decree ordering the conveyance of property in this case, we must remember that in this regard the authority of the court is based upon powers conferred by statute rather than upon general equity powers. (*Persico v. Persico,* 409 Ill. 608, 100 N.E.2d 904.) Two sections of our Divorce Act apply to the power of a court to order a conveyance of property in a divorce decree. Under Ill. Rev. Stat. 1969, ch. 40, par. 18, it is stated: "par. 17. Whenever a divorce is granted, if it shall appear to the court that either party holds the title to property equitably belonging to the other, the court may compel conveyance thereof to be made to the party entitled to the same, upon such terms as it shall deem equitable". To justify a conveyance or transfer under par. 17, however, special circumstances and equities must be alleged and established by the evidence. (*Stevens v. Stevens,* 14 Ill.2d 99, 150 N.E.2d 799; *Podgornik v. Podgornik,* 392 Ill. 124, 63 N.E.2d 715; *Skoronski v. Skoronski,* 395 Ill. 301, 69 N.E.2d 690.) This is unnecessary when the court orders a conveyance or transfer of property in lieu of alimony under par. 18, Ill. Rev. Stat. 1969, ch. 40, par. 19; *Persico v. Persico,* 409 Ill. 608, 100 N.E.2d 904. We do not deem it even debatable but that in order to invoke the provisions of par. 17 for a conveyance of property, it is necessary for the plaintiff to allege *and* prove by evidence or admissions special circum-

stances or equities warranting such a result. By her motion in the trial court and its renewal in this court, the plaintiff tacitly admits that the decree awarded her equities which she had not even sought in her original pleading. Under our system of jurisprudence, pleadings without evidence or admissions of fact or evidence without pleadings spawn a judgment born in a vacuum.

■■ The decree ordered the transfer of 125 shares of stock in The Simplex Corporation. The record shows that this company was originally a sole proprietorship owned by the defendant's mother, Lucille Debrey. It was later incorporated and capitalized on the basis of 500 issued and outstanding shares. The defendant acquired title to the entire issue through gifts, trust arrangement contract or purchase from his mother. There is no evidence in this record that any of the plaintiff's savings, earnings or services were contributed to the acquisition of these shares of stock. They all stood in the defendant's name. Under like situation, it was held error to transfer stock. (*David v. David*, 102 Ill.App.2d 102, 243 N.E.2d 485; *Everett v. Everett*, 25 Ill.2d 342, 185 N.E.2d 201.) We would further observe that The Simplex Corporation appears to be a corporation with the outstanding stock wholly owned by the defendant. This divorce proceeding, as well as the parties' marital life, has been infused with considerable heat and bitterness. By the divorce, the court extinguished the heat and destroyed the bitterness so far as living together in a family was concerned, but it strikes us that on this record, it is unwise to transfer that heat and that bitterness to the stockholders' meeting of the corporation. The sparks generated through living together in a home ought not be there extinguished and transferred to the business office of the corporation. The order transferring this stock to the plaintiff is not only legally unwarranted, but is from a practical standpoint questionable wisdom.

The title to the residential property was in the husband's name alone and was totally acquired by inheritance from his parents. There is no evidence that any money, property or service beyond the duties imposed by the marital relationship contributed in any way towards the acquisition or improvement of this property. The plaintiff argues that in our decision in *Hudspeth v. Hudspeth*, 122 Ill.App.2d 341, 258 N.E.2d 584, this court followed the principles laid down in *Imbrie v. Imbrie*, 94 Ill. App.2d 60, 236 N.E.2d 381. *Hudspeth* furnishes no consolation to the plaintiff as far as authorizing the transfer of the legal title to her. It approved the *use* of the marital home not a transfer of the title and held that such an award was not alimony in gross. A like result obtained in *Klebba v. Klebba*, 108 Ill.App.2d 32, 246 N.E.2d 681. Here again there is no evidence suggesting that the plaintiff made any contribution

to the acquisition of or the improvement of the marital home other than the services normally rendered by a wife. As a matter of fact, the total purchase price of the house of $25,276.00 was paid by at least three gifts of $6,000.00 each from the father of the defendant. The plaintiff relies on *Imbrie* rather heavily and quotes almost verbatim the language of the trial court which found that there were special circumstances warranting the award of the marital homestead to the wife. What those circumstances were is not shown in the opinion. The decree in the case at bar parrots the finding in *Imbrie* but there is no evidence nor any pleading which warrants this conclusion. Indeed the factual background of *Imbrie* is quite remote from the case at bar. In *Imbrie,* the parties owned the marital home in joint tenancy. It was subject to a real estate mortgage in excess of $10,000.00. There is neither allegations nor evidence of special equities that triggers into activity the provisions of par. 17 or warrants the transfer of the title. Since no special equities have been alleged or established warranting a conveyance under par. 17, then we turn to the question of whether or not the transfer of the legal title was warranted under par. 18 of our Divorce Act.

■■■ Under that section, "The court may order the husband or wife, as the case may be, to pay to the other party such sum of money, or convey to the party such real or personal property, payable or to be conveyed either in gross or by installments as settlement in lieu of alimony, as the court deems equitable". In *Doody v. Doody*, 28 Ill.2d 191, 190 N.E.2d 734, much of the property was owned in joint tenancy and the court decreed that the property be equally divided between them and provided that it was in lieu of alimony and in full payment of the rights of the wife to alimony, dower and homestead. The Supreme Court reversed and remanded the case to the trial court for the reason that this award under par. 18 gave the wife exactly nothing, that is, she already had this same property by virtue of the joint tenancy. The holding of the court in that case was that such a decree under par. 18 did not deprive her of alimony inasmuch as she already owned what was given her in lieu of alimony. In *Rodely v. Rodely*, 28 Ill.2d 347, 192 N.E.2d 347, the Supreme Court held that the trial court did not exceed its authority under par. 18 when it granted a divorce to the wife, provided for periodic payments of alimony and likewise directed the husband to pay her $15,000.00 alimony in gross provided that she convey to him her undivided one-half interest as joint tenant in a $30,000.00 farm. The court held there were circumstances warranting such a transaction inasmuch as the defendant's occupation as an airplane pilot was extremely hazardous and that his income might be abruptly lost. As a further reason should the defendant's military tenure be ended, the farm

was the only apparent source from which he could earn livelihood and support his children. It is thus clear that under the provisions of par. 18 there are circumstances where a transfer of real estate may be made. In the case at bar, such circumstances were neither originally pleaded nor does the amendment to the pleadings sought to be filed in the trial court and again requested here allege circumstances or facts which warrant equitable transfer as a part of periodic alimony. In *Stevens v. Stevens,* 14 Ill.2d 99, 150 N.E.2d 799, the court held that it was not error for the Appellate Court to deny a motion to amend the pleadings where there was no proof to establish the defendant's equities in the plaintiff's properties. At this point in this case, it would seem to us to be an idle gesture to permit the plaintiff to amend her pleadings to conform to the evidence when the evidence itself is insufficient to warrant the relief requested. For the reasons stated herein, the evidence is inadequate to support such an amendment. It is equally an idle gesture to permit the amendment here and then deny the relief because the evidence establishes no equities warranting such relief.

■■ In this case, the trial court allowed $10,000.00 in attorney fees, plus an additional $1,500.00 for defending this appeal. This was one of the first cases tried following the amendment of the Divorce Act adding mental cruelty as a grounds for divorce. It was tried before a jury and a new trial granted because somehow the trial file of the plaintiff's attorney was inadvertently taken to the jury room. We denied leave to appeal and the case then tried in the circuit court without a jury and decree entered on attorney fees. Testimony was heard by the trial judge. No evidence was offered in opposition. This record suggests that the heat generated between the parties made excursion in the court more frequent than was reasonably necessary. The guideline for reasonable attorney fees is the time reasonably required for the accomplishment of a just result. In view of our remanding order the proviso for the allowance of fees for work done in the trial court may appropriately be reviewed by that court and it is so ordered.

Accordingly, the decree of the trial court is reversed insofar as it (1) granted fee title to the marital home to the wife, (2) transferred 125 shares of stock in The Simplex Corporation to the wife, (3) required the defendant to maintain the $50,000.00 life insurance policy and (4) established the amount of attorney fees in the trial court. In *Glover v. Glover,* General No. 11289, 268 N.E.2d 218, in a separate maintenance suit, we recently reiterated the well-recognized rule that award of alimony and child support must be determined from all of the evidence and must consider the needs of the wife and children with relation to the husband's ability to pay. In view of our holding with reference to the items

above mentioned, this cause is reversed and remanded to the trial court for a decree in accordance with the views herein expressed and with directions to review the order requiring the life insurance, the amount of attorney fees in the trial court, and the amount of necessary alimony for the wife and support for the children in the light of circumstances as they now exist. In all other respects, the decree is affirmed.

Affirmed in part; reversed in part and remanded.

TRAPP and CRAVEN, JJ., concur.