SUSAN E. ANDREWS, Plaintiff-Appellant, *v.* STEPHEN W. ANDREWS, Defendant-Appellee.

Third District   No. 77-192

Opinion filed December 6, 1977.

Marshall E. Douglas, of Jackson, Douglas, De Porter & Schmidt, of East Moline, for appellant.

Francis J. Coyle, Jr., of Coyle & Gilman, of Rock Island, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

This appeal was initiated by the plaintiff, Susan E. Andrews, from that portion of a decree of divorce which awarded her $229.26 as one-half of the parties' equity in the marital home. During the little more than a year the plaintiff was married to Stephen W. Andrews, the defendant, the parties orally agreed to purchase two parcels of real estate, a home and a

one-quarter undivided interest in the 105-acre farm less the house parcel, from the defendant's mother.

Although written contracts to purchase the properties were drafted at the instruction of the defendant's mother and signed by her, the defendant never signed these instruments because he disapproved of the wording. The plaintiff signed both contracts. Although the plaintiff testified she did so at the direction of the defendant's mother, the contract concerning the farm was voided by the defendant's mother in part because of the plaintiff's wrongly added signature. However, the defendant's mother testified that the plaintiff was intended to be a party to the contract to purchase the house. Nevertheless, this contract was declared void by the defendant's mother because of nonpayment after the parties to this appeal separated.

While they were married, the defendant testified he paid his mother about $7,000 but he was not certain how much was interest. The defendant's mother testified that she considered the defendant's equity from these payments to be $458.52 in the house and $1,142.29 in the farm. Although the plaintiff testified that she was gainfully employed during the marriage and that she contributed funds and efforts toward the family, the defendant testified that the plaintiff worked about one hour on the farm. It appears that the defendant, not the plaintiff, made all the payments to his mother. The trial court found that the parties had no legal title to either the house or the farm. However, by reason of the payments by both proper parties on the house, the trial court did find some equitable interest in the parties in which the plaintiff was intended to share and, therefore, awarded the plaintiff one-half of the equity in the house.

The law in Illinois has long found it necessary for a party to allege and prove special equities to compel the conveyance of property, the title of which is held solely by the other party. (Ill. Rev. Stat. 1975, ch. 40, par. 18; *Stevens v. Stevens* (1958), 14 Ill. 2d 99, 150 N.E.2d 799.) Although this statute has been repealed by the Illinois Marriage and Dissolution of Marriage Act (P.A. 80-923, approved September 22, 1977), that Act does not apply to appeals pending prior to the effective date of the Act, as was this appeal. P.A. 80-923, §801(d).

Yet it is of interest that both the old statute and the new Act refer to legal title. Herein, no legal title is involved. The evidence clearly establishes that the contracts for the parties to purchase the real estate from the defendant's mother were not fully executed. The offer to sell the house was made to the parties jointly, not individually. As far as the farm is concerned, the voiding of the contract leaves little doubt that the offer to sell the farm extended only to the defendant. Therefore, as long as the defendant refused to sign the instruments, there was no acceptance of the

written offers. This intent not to accept was clearly evidenced by the defendant's disapproval of the wording in the written instruments.

■■ Not only is legal title not involved, but the parties are not truly equitable owners of the real estate either. Where the seller and buyer of real property enter into a contract for the purchase of the real estate, the purchaser is considered the equitable owner of the real estate. (*Shay v. Penrose* (1962), 25 Ill. 2d 447, 185 N.E.2d 218.) Such is not the case here because the contract was never properly completed. Furthermore, the defendant's mother testified she no longer had an oral agreement with her son concerning the sale of the properties involved in this appeal.

■■ Nevertheless, the trial court, sitting as a court of equity (see *Bremer v. Bremer* (1954), 4 Ill. 2d 190, 122 N.E.2d 794; *Myers v. Myers* (3d Dist. 1977), 51 Ill. App. 3d 830, 366 N.E.2d 1114), found they did have some equity in the house property as testified to by the defendant's mother. This equity consisted of part of the payments made for the house. It may be inferred from the evidence that the plaintiff contributed one-half of these payments by reason of her income and contribution to the family, and payments were made with the apparent intent to apply them against the "contract." However, the defendant refused to sign the contract and, thereafter, forfeited any interest he and the plaintiff might have in the house property by failing to continue the payments. Since the plaintiff was deprived of her equity in the house, the trial court properly found that it was equitable for the defendant to reimburse the plaintiff for her contribution toward the "purchase" of the house, less interest.

■■ The farm, on the other hand, is a different situation. The plaintiff was never intended to be a party to the written contract to purchase the farm, or to the oral arrangement, and she did not plead that she had any special equities in the farm. Nor were special equities proven. The defendant testified that the plaintiff did not work on the farm and the plaintiff did not testify to any contributions she made toward the purchase of the farm. As a result, the trial court properly found that the plaintiff had neither a legal nor an equitable interest of any kind in the farm.

Accordingly, the judgment of the Circuit Court of Rock Island County is affirmed.

Affirmed.

ALLOY, P. J., and STOUDER, J., concur.